No. 87-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JOHN L. PETERSEN and MONTANA OIL
& MINERALS CORPORATION, a Montana
corporation,

Plaintiffs and Respondents,

-vs-

R. G. "RICK" TUCKER, DOUG JAMES, and
ANDREA BENNETT, State Auditor,
STATE OF MONTANA,

Defendants and Appellants.

---

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael J. Mulroney, Helena, Montana

For Respondent:

Karl J. Englund, Missoula, Montana
William A. Rossbach, Missoula, Montana

---

Submitted on Briefs:   July 14, 1987

Decided:   September 17, 1987

Filed:   SEP 17 1987

Ethel M. Harrison

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants appeal from an order of the District Court, Fourth Judicial District, Missoula County, denying their motion for a change of venue from the District Court in Missoula County to Lewis and Clark County.

The issue on appeal is whether venue was properly found in Missoula County.

This case arises out of a cease and desist order issued to the plaintiffs by the State Auditor's office, Securities Department. The plaintiffs allege that as a result of the cease and desist order being issued, they were the object of tortious conduct and that their civil rights were violated resulting in injury.

Plaintiffs resided in Missoula County and the defendants resided in Lewis and Clark County at the time the order was issued.

Plaintiffs brought this action against the defendants in Missoula County. Appellants filed a number of motions including a motion for change of venue to Lewis and Clark County, and a motion to dismiss the State as a party. On April 2, 1987, the District Court denied the defendants' motion for change of venue and did not rule on the motion to dismiss the State as a party. The defendants appeal from the District Court order denying their motion for change of venue. We find that the District Court was correct in its determination that venue was properly found in Missoula County.

This Court has addressed the issue of venue on numerous occasions and the rules regarding venue are well settled and

can be easily discerned by a quick review of the Montana statutes and Montana case law.

Appellants maintain in their brief that venue should be changed as the county designated in the respondents complaint, Missoula County, is not the proper county. The right of the defendant to move for change of place of trial is found in § 25-2-114, MCA, which provides:

> Right of defendant to move for change of place of trial. If an action is brought in a county not designated as the proper place of trial, a defendant may move for a change of place of trial to a designated county.

Section 25-2-201, MCA, details when a change of venue is required:

> The court or judge must, on motion, change the place of trial in the following cases:
>
> (1) When the county designated in the complaint is not the proper county;
>
> (2) When there is reason to believe that an impartial trial cannot be had therein;
>
> (3) When the convenience of witnesses and the ends of justice would be promoted by the change."

Platt v. Sears, Roebuck & Co. (Mont. 1986), 721 P.2d 336, 43 St.Rep. 1160.

Appellants contend that venue should be changed to Lewis and Clark County as the general rule regarding venue is that venue is proper in the county where the defendants reside. Platt v. Sears, Roebuck & Co., supra.

Although the appellants have correctly stated the general rule, as § 25-2-118, MCA, indicates, the code does not confer venue exclusively to the county of the defendants' residence.

The statute controlling venue in actions against the state, including the instant case is § 25-2-126(1), MCA, which provides:

> The proper place of trial for an action against the state is in the county in which the claim arose or in Lewis and Clark County. In an action brought by a resident of the state, the county of his residence is also a proper place of trial.

The appellants contend that the State is not a proper party to this action and as such the venue for this proceeding properly lies in Lewis and Clark County under § 25-2-118, and 25-2-122, and/or 25-2-125, MCA. Appellants assert that this Court should dismiss the State as a party in this action alleging that the question of venue would then have but one resolution, that being Lewis and Clark County.

This Court will not address the issue of whether the State is a proper party in this action. We find the record clear on this point as the State is specifically named in the respondents' complaint as a party and has not been dismissed from the action. Venue must be determined on the basis of the complaint. Johnson v. Clark (1957), 131 Mont. 454, 461, 311 P.2d 772, 776. Further, only the matter of venue can be disposed of by the reviewing court when dealing with an appeal from an order granting or denying venue. Conway v. Fabian (1936), 103 Mont. 574, 63 P.2d 1022. In Guthrie v. Montana Department of Health and Environmental Sciences (1977), 172 Mont. 142, 146, 561 P.2d 913, 915, and Ford v. Montana Department of Fish, Wildlife (Mont. 1984), 676 P.2d 207, 209, 41 St.Rep. 220, 222, this Court cited with approval Regents of University of California v. Superior Court (Cal. 1970), 476 P.2d 457, 461, in which the California Supreme Court held:

> The underlying purpose of statutory provisions as to venue for actions against State agencies is to

afford the citizen a forum that is not so distant and remote that access to it is impractical and expensive. To that end, such provisions should be liberally construed in favor of the private litigant.

This Court in Billings Associated Plumbing v. Emerson (1977), 172 Mont. 369, 372, 563 P.2d 1123, 1125, held that venue provisions relating to actions against state agencies should be liberally construed in favor of private litigants.

Clearly in the instant case venue was properly found in Missoula County. The plaintiffs are residents of the State of Montana and the county of their residence is a proper venue § 25-2-126(1), MCA; § 25-2-115, MCA. As such the appellants have no right to have the venue changed under § 25-2-201, MCA. The fact that venue would also be proper in Lewis and Clark County is of no import. In State v. Security State Bank (1979), 184 Mont. 461, 464, 603 P.2d 681, 683, this Court held where proper venue has been chosen:

. . . [t]he courts are powerless based upon the residence of the parties, to transfer the cause to another venue although the other venue itself may also have been proper for the commencement of the action.

Appellants point out that in McAlear v. Kasak (Mont. 1987), 731 P.2d 908, 910, 44 St.Rep. 81, 83, this Court stated "[w]e have never held that a plaintiff has an absolute choice of forum . . . where plaintiffs file the action in an improper county, the defendants may change venue to any proper county." However, once an action has been filed in a proper county the District Court cannot grant a motion to have it removed. Seifert v. Gehle (1958), 133 Mont. 320, 322, 323 P.2d 269, 270.

As we have previously stated, venue was properly found in Missoula County. The District Court was precluded from

granting the defendants' motion for change of venue and acted appropriately in denying the motion.

Affirmed.

_____
                    Justice

We Concur:

_____
     Chief Justice

_____

_____

_____
          Justices