No. 87-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

ANTHONY W. KENDALL,

       Plaintiff and Appellant,

   -vs-

THE STATE OF MONTANA, and the UNIVERSITY
OF MONTANA, and CARROL KRAUSE, Commissioner
of Higher Education, and JAMES V. KOCH, as
President of the University of Montana,

       Defendants and Respondents.

_____

APPEAL FROM:

      District Court of the Thirteenth Judicial District,
      In and for the County of Carbon,
      The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      Anthony W. Kendall, Pro Se, Red Lodge, Montana

    For Respondent:

      LeRoy H. Schramm, Montana University System, Helena,
      Montana

_____

Submitted on Briefs:  March 3, 1988

Decided:  April 5, 1988

Filed: APR 5 - 1988

*Ethel M. Harrison*

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Thirteenth Judicial District, Carbon County, granted defendants' motion for change of venue to Missoula County. We reverse and remand.

The issue is whether venue for this action against the State of Montana and the University of Montana is properly found in Carbon County, where the plaintiff resides.

Plaintiff Mr. Kendall attended the defendants' law school in Missoula, Montana, from 1982 to 1985. He paid, under protest, certain required fees for attendance at the school. He believes these fees were collected in violation of § 10-2-311, MCA. That statute grants free fees and tuition to all honorably discharged persons who served with the United States forces in any of its wars and who were bona fide residents of Montana when they entered the service. Mr. Kendall has negotiated the return of all but approximately $1,000 of the amount he paid to the University and brings this action to recover the remaining amount.

Mr. Kendall is now a resident of Red Lodge, Carbon County, Montana. He brought this suit in that county under § 25-2-126(1), MCA:

> The proper place of trial for an action against the
> state is in the county in which the claim arose or
> in Lewis and Clark County. In an action brought by
> a resident of the state, the county of his resi-
> dence is also a proper place of trial.

The University of Montana moved for a change of venue to Missoula County. In granting the motion, the District Court made the following analysis:

> Defendants have presented convincing evidence that
> this Court should consider the University System a
> separate entity from the State of Montana for the
> purpose of determining venue. This being the case,
> it is clear that the proper place of venue is

> Missoula County. The contracts between the parties were entered into in Missoula County, the benefits of the contracts were received in that County, and the University is located in Missoula County.

From that order, Mr. Kendall appeals.

Is venue for this action against the State of Montana and the University of Montana properly found in Carbon County, where the plaintiff resides?

The general rule is that the proper place for trial of a civil action is the county in which the defendant resides. Section 25-2-118, MCA. However, there are numerous exceptions to this rule, including the exception in § 25-2-126(1), MCA, for actions in which the State is defendant. The University argues that § 25-2-126(1), MCA, means that a resident of the State of Montana may sue the State in the county <u>where he resided at the time the cause of action accrued</u>. It therefore asserts that the proper place for trial of this action under this statute is Missoula, where Mr. Kendall resided as a student.

Since the words "when the cause of action accrued" are absent from § 25-2-126(1), MCA, we look to the purpose of the statute for guidance on whether they should be implied. This Court has stated that the purpose of this statute is to afford citizens a practical and inexpensive forum for suits against the State and that such statutes are to be liberally construed in favor of private litigants. Petersen v. Tucker (Mont. 1987), 742 P.2d 483, 484, 44 St.Rep. 1625, 1627-28. The implied language suggested by the University would frustrate both of these principles. We decline to read into the statute the limitation suggested by the University.

The University next argues that there is no plain cause of action against the State in this matter. That argument goes, as Mr. Kendall states, to the heart of his complaint. Whether the State is properly a party will not be considered by this Court on an appeal of a motion for change of venue.

3

Petersen, 742 P.2d at 484. The University's related argument that it may be sued separately from the State is irrelevant as long as the State remains in the lawsuit. Under § 25-2-117, MCA, a county which is a proper place of trial for any one of the defendants is proper for all defendants, subject to the court's power to order separate trials.

The University's third argument is based on Mr. Kendall's failure to allege in his complaint that he resides in Carbon County. The University cites the rule that the right of a defendant to a change of venue is determined by the condition of the pleadings as they exist at the time the defendant makes its appearance in the case. Johnson v. Clark (1957), 131 Mont. 454, 460-61, 311 P.2d 772, 776. Mr. Kendall signed the complaint "A. W. Kendall, P.O. Box 67, Red Lodge, Montana 59068." His affidavit that he had resided in Carbon County since October 1985 was before the court when it ruled on the change of venue motion. The court, in its order, found that Mr. Kendall is a resident of Carbon County. We conclude that the failure of the complaint to state in its body that Mr. Kendall is a Carbon County resident is not fatal.

We hold that under the plain meaning of § 25-2-126(1), MCA, Carbon County, the county of Mr. Kendall's residence, is a proper venue for this action. We reverse the order granting change of venue and remand this cause to the District Court for the Thirteenth Judicial District for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_John Conway Harrison_

_A. C. McDonough_

_William E. Hunter_

_John G. Shelly_

_A. C. Gulbrandson_

Justices