No. 89-289

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

FILED
'89 NOV 7 PM 1 30
ED SMITH, CLERK
MONTANA SUPREME COURT

CLIFFORD MELROE,

        Plaintiff and Respondent,

  -vs-

TERESA M. DOYLE, CONNIE J. GRIFFIN,
STEVEN E. SCHEITLIN, SUSAN M. SCHEITLIN,
DANIEL J. SCHEITLIN, EDWARD E. SCHEITLIN,
JR., MICHAEL J. SCHEITLIN, and VAEDA G.
SCHEITLIN,

        Defendants and Appellants.


APPEAL FROM: District Court of the Second Judicial District,
            In and for the County of Silver Bow,
            The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John H. Jardine; Jardine & Grauman, Whitehall,
        Montana

    For Respondent:

        William M. Kebe, Jr. & Carol L. McGary; Johnson,
        Skakles & Kebe, Butte, Montana


Submitted on Briefs: Aug. 17, 1989

Decided: November 7, 1989

Filed:

_____
               Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The defendants appeal from an order of the District Court of the Second Judicial District, Silver Bow County, denying their motion for change of venue. We affirm.

The sole issue raised on appeal is whether the District Court erred in denying defendants' motion to move the place of trial from the county in which four of the eight defendants resided to the county in which the contract relied upon in the complaint was to be performed.

Plaintiff, Clifford Melroe, brought this action for breach of contract and unjust enrichment in Silver Bow County, the residence of four of the eight defendants. The defendants moved for change of venue, claiming that Madison County was the proper place for trial as it was the county in which the contract was to be performed. The District Court denied the motion. The defendants appealed.

The statute governing change of venue for contract actions provides in pertinent part:

(1) The proper place of trial for actions upon contracts is either:

(a) the county in which the defendants, or any of them, reside at the commencement of the action; or

(b) the county in which the contract was to be performed. (Emphasis added.)

Section 25-2-121, MCA.

The statute reiterates the longstanding rule that, in contract actions, the plaintiff may elect to bring suit in either the county of the defendant's residence or the county of contract performance. Either county is the proper place for trial. When a suit may properly be commenced in more

- 2 -

than one county and the plaintiff files in one of the permissible counties, the defendant may not change the venue of the action to a different county, even if the the county preferred by the defendant is also a proper place for trial. Section 25-2-115, MCA. See also Petersen v. Tucker (1987), 228 Mont. 393, 396, 742 P.2d 483, 484-85.

In the present case, the plaintiff could have properly filed suit in either Silver Bow County or Madison County. The plaintiff elected to commence the action in Silver Bow County. Such election was proper. The District Court did not err in denying the defendants' motion for change of venue.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 3 -