No. 92-585

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

TARA MINERVINO,

       Plaintiff and Appellant,

-v-

UNIVERSITY OF MONTANA,

       Defendant and Respondent.

FILED

MAY 28 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Stephen D. Roberts, Bozeman, Montana; Erik B. Thueson, Helena, Montana

       For Respondent:

              Neil E. Ugrin and Roger T. Witt, Ugrin, Alexander, Slovak, Great Falls, Montana

Submitted on Briefs: March 18, 1993

Decided: May 28, 1993

Filed:

                                Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Tara Minervino appeals from an order of the Eighth Judicial District Court, Cascade County, granting the University of Montana's motion for change of venue. We affirm.

Appellant Tara Minervino (Minervino) filed a complaint against the University of Montana (University) alleging that the University failed to protect her from an assault which occurred on its campus in Missoula, Montana. Filed in the Eighth Judicial District Court, the complaint asserts that venue is proper in Cascade County pursuant to § 25-2-126(3), MCA, because the University is a political subdivision which is located in Cascade County by virtue of offering classes and maintaining an office at Malmstrom Air Force Base.

The University moved for change of venue to the First Judicial District Court, Lewis and Clark County, relying on § 25-2-126(1), MCA. The District Court granted the University's motion. Minervino appeals.

Did the District Court err in granting the University's motion to change venue from Cascade County to Lewis and Clark County?

The District Court determined that the University is the "state," rather than a "political subdivision," for venue purposes. On that basis, it considered the alternative venue locations contained in § 25-2-126(1), MCA, and concluded that venue was proper only in Missoula County, where the claim arose, or in Lewis and Clark County. The court granted the University's motion for

2

change of venue to Lewis and Clark County.

Minervino argues first that venue for this action is properly in Cascade County pursuant to § 25-2-122(1), MCA, which provides that the proper place of trial for a tort action is the county in which the defendant resides at the start of the action. She asserts that because the University has a campus location in Cascade County, venue is proper there. The record reflects that Minervino did not present this argument to the District Court, relying there only on § 26-2-126(3), MCA, and a waiver estoppel theory. This Court will not consider issues or theories of the case raised for the first time on appeal. Weaver v. Law Firm of Graybill, et al. (1990), 246 Mont. 175, 180, 803 P.2d 1089, 1093.

Minervino's next contention is that the University is a "political subdivision" under § 26-2-126(3), MCA, rather than the "state" under § 26-2-126(1), MCA. Therefore, she argues, since trial of an action against a political subdivision is proper in the county where the claim arose or where the political subdivision is located, the University's campus in Great Falls establishes proper venue in Cascade County. We disagree.

Montana's venue statute for actions against the state or a political subdivision is § 25-2-126, MCA, which provides in pertinent part:

> (1) The proper place of trial for an action against the state is in the county in which the claim arose or in Lewis and Clark County. In an action brought by a resident of the state, the county of his residence is also a proper place of trial.
>
> . . .

3

(3) The proper place of trial for an action against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located.

Resolution of the issue before us requires definition of the terms "state" and "political subdivision" contained in subsections (1) and (3), respectively, of § 25-2-126, MCA.

It is true, as Minervino asserts, that the Montana Code Annotated contains more than one statutory definition of each of these terms and that no statute specifically mandates that the definitions contained therein apply to the terms as used in § 25-2-126, MCA. It also is clear, however, that the venue provisions in subsections (1) and (3) of § 25-2-126, MCA, previously were codified at Title 2, Chapter 9 of the Code.

Prior to 1985, provisions substantively identical to those at issue here were found at § 2-9-312, MCA. That statute was amended (in nonsubstantive ways) and recodified as an integral part of Title 25, Chapter 2, part 1 pursuant to Section 18(2) of Chapter 432, Montana Session Laws, 1985. It was renumbered as § 25-2-126(1) and (3), MCA, by the Code Commissioner. Our function is to effectuate the intent of the legislature. State ex rel. Roberts v. Pub. Serv. Comm'n (1990), 242 Mont. 242, 246, 790 P.2d 489, 492. This clear legislative history mandates a conclusion that the definitions contained in Title 2, Chapter 9, apply to the terms used in § 25-2-126, MCA.

Section 2-9-101(7), MCA, defines "state" as "the state of Montana or any office, department, agency, authority, commission, board, institution, hospital, college, university, or other

4

instrumentality thereof." "Political subdivision" is defined in § 2-9-101(5), MCA, to mean "any county, city, municipal corporation, school district, special improvement district or taxing district, or any other political subdivision or public corporation." Applying these definitions to the issue before us, it is unequivocal that the University is the "state" for § 25-2-126, MCA, purposes.

Minervino asserts that the University argued in Kendall v. State (1988), 231 Mont. 316, 752 P.2d 1091, that it is not the "state" for venue purposes. As a result, she argues that the University has waived its right to contest venue on the basis that it *is* the "state," or that it is estopped from arguing contrary to its position in Kendall.

Minervino cites to no authority in support of her waiver or estoppel theory regarding venue. In addition, estoppel theories--both judicial and equitable--rest on representations of facts. See DeMers v. Roncor, Inc. (1991), 249 Mont. 176, 814 P.2d 999; Dagel v. City of Great Falls (1991), 250 Mont. 224, 819 P.2d 186. Venue is not a question of fact; it is a question of law involving the application of venue statutes to pleaded facts. We conclude that the University is not precluded from asserting that it is the "state" for venue purposes in this case.

Having concluded that the University is the "state" for purposes of § 25-2-126(1), MCA, it remains only to apply that statute to the facts before us. Section 25-2-126(1), MCA, provides that venue for actions against the state--here, the University--is

5

proper in one of three counties: 1) where the claim arose; 2) Lewis and Clark County; or 3) the county of plaintiff's residence if plaintiff is a Montana resident. Here, Minervino's claim did not arise in Cascade County; nor does she assert that she is or was a resident of Cascade County at any relevant time. Therefore, Cascade County is not an appropriate venue for this action under § 25-2-126, MCA.

When an action is filed in an improper venue, "a defendant may move for a change of place of trial to a designated county." Section 25-2-114, MCA. Pursuant to § 25-2-126(1), MCA, proper venues for Minervino's action are Missoula County, where the claim arose, or Lewis and Clark County. The University moved for change of venue to Lewis and Clark County, a proper venue under the statute. We hold that the District Court did not err in granting the University's motion.

AFFIRMED.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6

May 28, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Stephen D. Roberts
Attorney at Law
502 So. 19th Ave.
Bozeman, MT  59715

Erik B. Thueson
Attorney at Law
P.O. Box 535
Helena, MT  59625-0535

Neil E. Ugrin and Roger T. Witt
Ugrin, Alexander, Slovak, P.C.
#2 Railroad Square, PO Box 1746
Great Falls, MT  59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy