NO.   94-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA, ex rel. DEPARTMENT
OF HEALTH AND ENVIRONMENTAL SCIENCES,

        Plaintiff and Respondent,

    -vs-

PEGASUS GOLD CORPORATION,

        Defendant,

    and

ZORTMAN MINING, INC.,

        Defendant and Appellant,

ISLAND MOUNTAIN PROTECTORS,

        Intervenor and Respondent.

FILED

FEB 15 1995

*Ed Smith*
CLERK OF SUPREME COURT,
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis & Clark,
                The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            James B. Lippert, Alan J. Joscelyn; Gough,
            Shanahan, Johnson & Waterman, Helena, Montana

        For Respondent:

            Robert J. Thompson, Special Ass't Attorney General,
            Department of Health & Environmental Sciences,
            Helena, Montana

        For Intervenor:

            Peter Michael Meloy, Attorney at Law, Helena,
            Montana


Submitted on Briefs:  December 15, 1994
                Decided:  February 15, 1995

Filed:

_____
        Clerk

Justice Karla M. Gray delivered the Opinion of the Court

Zortman Mining, Inc. (ZMI) appeals from an order of the First Judicial District Court, Lewis and Clark County, denying its motion to change venue to Phillips County. We affirm.

The State of Montana, through its Department of Health and Environmental Sciences (Department), filed a complaint and application for an injunction in the First Judicial District Court against defendants ZMI and Pegasus Gold Corporation (Pegasus). The Department alleged multiple violations of the Montana Water Quality Act at the Zortman and Landusky mines located in Phillips County. It also alleged that Pegasus owned or controlled the mines and that both Pegasus and ZMI did business in Lewis and Clark County, making that county a proper venue for trial.

ZMI moved for a change of venue to Phillips County, asserting that Pegasus was not a proper defendant and, as a result, could not be used to support the Department's choice of venue; ZMI also contended that it was not doing business in Lewis and Clark County. Finally, ZMI argued that venue in Phillips County would promote the ends of justice and the convenience of witnesses because ZMI's business is located there. ZMI filed a supporting affidavit from Rolin Erickson, its Project Manager, stating that ZMI is the owner of the mines; the mines are located in Phillips County; the operation of the mines is ZMI's only business; and ZMI's offices, and land under its control, are solely in Phillips County.

Pegasus filed a concurrent **motion** to dismiss it from the action or, in the alternative, for summary judgment; it asserted that the Department could not establish a genuine issue of material fact regarding whether Pegasus owned or controlled the Zortman and Landusky mines. Pegasus supported its motion with an affidavit of F. Alan Fletcher, its Vice President, General Counsel and Secretary, stating that ZMI's only business is the day-to-day operation of the Zortman and Landusky mines and that Pegasus, which maintains its corporate headquarters in Spokane, Washington, maintained separate offices and mailing addresses and is, in all respects, a corporate entity separate from ZMI.

The Department opposed both motions and filed an affidavit from Thomas Reid, a Department Water Quality Specialist. Reid stated that Pegasus actively corresponds and negotiates with the Department regarding regulation of the Zortman and Landusky mines and that he was led to believe that Pegasus represented ZMI's interests regarding water quality at the mines.

The District Court denied ZMI's motion to change venue and Pegasus' motion to dismiss. ZMI appeals the denial of its motion.

1. Did the District Court err in denying ZMI's § 25-2-201(1), MCA, motion for a change of venue?

The District Court denied ZMI's § 25-2-201(1), MCA, motion which contended that Lewis and Clark County was not a "proper county." It determined that Pegasus was a named defendant and, under the facts alleged in the complaint, was located--and doing

3

business--in Lewis and Clark County; thus, the court concluded, that county is a proper venue for the action. Because venue in Lewis and Clark County was proper for defendant Pegasus, the court further concluded that venue for defendant ZMI was proper in Lewis and Clark County even though ZMI maintained offices and was located in Phillips County. ZMI asserts error regarding both conclusions and we will address them separately.

A determination regarding whether a county is the proper place for trial under § 25-2-201(1), MCA, "is not a question of fact; it is a question of law involving the application of venue statutes to pleaded facts." Minervino v. University of Montana (1993), 258 Mont. 493, 497, 853 P.2d 1242, 1245. We review a district court's conclusion regarding venue to determine whether it is correct. Carter v. Nye (Mont. 1994), 879 P.2d 729, 730, 51 St.Rep. 781, 782; citing Emery v. Federated Foods, Inc. (1993), 262 Mont. 83, 87, 863 P.2d 426, 429.

The Department's complaint named both ZMI and Pegasus as defendants and alleged that they had violated the Montana Water Quality Act (the Act) by discharging waste into surface water in the area of the mines. Section 75-5-614(1), MCA, specifically authorizes the Department to file its complaint "in the district court of the county in which the defendant is located or resides or is doing business . . ." It is undisputed that Pegasus, a named defendant in the Department's complaint, "is doing business" in Lewis and Clark County for purposes of § 75-5-614(1), MCA.

4

If an action is filed in a county which is not designated as a proper place of trial, a defendant may move for a change in venue.. Section 25-2-114, MCA. The district court must grant such a motion to change venue if the county designated in the complaint is not a proper county. Section 25-2-201(1), MCA. It is axiomatic "that venue will be determined by the status of the parties and pleadings at the time of the complaint or at the time the moving party appears in the action." Emerv, 863 P.2d at 429 (citations omitted); see also Petersen v. Tucker (1987), 228 Mont. 393, 395, 142 P.2d 483, 484. Moreover, "[t]he averments of the complaint will be taken as true in considering the motion . . ." Johnson v. Clark (1957), 131 Mont. 454, 461, 311 P.2d 772, 776.

ZMI challenges the District Court's venue determination by focusing on Pegasus' status as a defendant in the action. ZMI asserts that Pegasus does not own or control the mines at issue and, therefore, the fact that Pegasus "does business" in Lewis and Clark County by maintaining an office there is irrelevant to the court's venue determination.

We rejected a substantially similar argument in Petersen. In that case, the plaintiffs filed an action in Missoula County alleging tortious conduct and civil rights violations against the Office of the State Auditor and several individual defendants residing in Lewis and Clark County. Petersen, 742 P.2d at 483. The defendants moved for a change of venue and to dismiss the State as a party asserting that, if the State were dismissed, the sole

5

proper venue for the action would be Lewis and Clark County. Petersen, 742 P.2d at 484. We determined that the State was a named party in the complaint and had not been dismissed. Given that record, and the fact that the venue statute at issue allowed a plaintiff to bring an action against the State in the county where the plaintiff resides, we concluded that venue in Missoula County was proper. Petersen, 742 P.2d at 484-85.

The Petersen principles regarding the status of the parties in the action at the time of the motion apply here and dictate the same result. Pegasus is specifically named as a defendant and has not been dismissed from the suit. We conclude, therefore, that the District Court was correct in considering Pegasus' status as a named defendant in making its determination regarding venue.

ZMI contends that the District Court erred by accepting the facts alleged in the complaint as true and not factoring the uncontradicted affidavits of Fletcher and Erickson into its decision. ZMI argues that proper consideration of the affidavits by the court would have resulted in a determination that Pegasus, a corporate entity separate from ZMI, was not a proper defendant and, thus, that Pegasus' activities in Lewis and Clark County were irrelevant to the venue issue.

We previously have determined that district courts may consider affidavits relating to a motion to change venue. I.S.C. Distributors, Inc. v. Trevor (1993), 259 Mont. 460, 464, 856 P.2d 977, 979; citing Hopkins v. Scottie Homes, Inc. (1979), 180 Mont.

6

498, 501, 591 P.2d 230, 232. We also have stated that when affidavits submitted by one party are uncontradicted, the facts stated therein must be taken as true. Hopkins, 591 P.2d at 232 (citation omitted).

We note that ZMI supported its § 25-2-201(1), MCA, venue motion with Erickson's affidavit; its motion neither referred to, nor relied upon, the statements in Fletcher's affidavit filed in support of Pegasus' motion to dismiss. Thus, ZMI cannot rely on the Fletcher affidavit.

Erickson's affidavit simply states that ZMI's operation and ownership of the mines occur solely within Phillips County. While Erickson addresses ZMI's ownership of the mines, he does not state facts which contradict the allegation in the complaint that Pegasus, as ZMI's parent, controls the operation of the mines. Indeed, Erickson's affidavit relates primarily to whether ZMI is located, or doing business, in Lewis and Clark County. Based on this record, the District Court did not err in focusing on the allegations in the complaint to make its determination regarding venue based on the county in which Pegasus does business.

ZMI makes additional arguments relating to whether Pegasus is a proper party defendant in this action. ZMI cites to the Fletcher affidavit and contends that, if the District Court had properly considered that affidavit, it would not have felt "constrained" to keep Pegasus as a party to the action. ZMI's argument clearly relates to the District Court's denial of Pegasus' motion to

7

dismiss, rather than to the denial of its motion for change of venue.

In its order, the District Court explicitly stated that it would address ZMI's motion for a change of venue prior to deciding other pending motions. This was the proper approach, given the court's obligation to determine venue by the status of the parties and pleadings at the time of the complaint. See Emery, 863 P.2d at 429. After making its venue determination, the court went on to separately address Pegasus' motion to dismiss.

Rule 4(c), M.R.App.P., specifically requires that "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from." ZMI's notice of appeal establishes that the appeal before us is "from the order denying its motion to change venue . . . ." No appeal of the court's denial of Pegasus' motion to dismiss is before us; indeed, ZMI could not appeal from the denial of another party's motion and, in any event, the denial of a motion to dismiss is not appealable under Rule 1, M.R.App.P. Therefore, our discussion is limited to the venue issue which is properly presented for review and we decline to address ZMI's additional arguments. See Carter, 879 P.2d at 730; Petersen, 742 P.2d at 484.

As stated above, the District Court properly relied on Pegasus' status as a named defendant and Pegasus' activities within Lewis and Clark County in making a determination regarding venue. We hold that the District Court did not err in concluding, based on

8

its application of the statutory venue rule to the pleaded facts, that venue is proper in Lewis and Clark County.

ZMI makes a separate argument that venue in Lewis and Clark County is not proper for ZMI under § 75-5-614(1), MCA, because it is not located in Lewis and Clark County and does not do business there. Section 25-2-117, MCA, provides that "[i]f there are two or more defendants in an action, a county that is a proper place of trial for any defendant is proper for all defendants. . ." Based on our holding that Lewis and Clark County is a proper venue for defendant Pegasus, we need not further address this argument.

2. Did the District Court err in not considering ZMI's argument regarding promoting the ends of justice and convenience of witnesses?

ZMI's final argument is that the District Court erred in not granting, or even alluding to, its § 25-2-201(3), MCA, motion for a change in venue to promote the ends of justice and for the convenience of witnesses. It asserts that requiring ZMI to submit to a court located hundreds of miles away and unfamiliar with the mining operation would be unjust. ZMI further asserts that requiring mine personnel to travel such distances and spend time away from work to provide testimony would cause a significant impact on ZMI's operation.

Rule 1(b)(2), M.R.App.P., provides for an interlocutory appeal from an order changing or refusing to change the place of trial "when the county designated in the complaint is not the proper county . . . ." The quoted language of this Rule mirrors that

9

contained in § 25-2-201(1), MCA. Thus, by its plain terms, Rule 1(b)(2), M.R.App.P., permits interlocutory appeals regarding venue only from orders denying or granting a motion to change venue which were made pursuant to § 25-2-201(1), MCA. ZMI's motion to change venue on "justice" and "convenience" grounds was filed pursuant to § 25-2-201(3), MCA, and, therefore, is not appealable under Rule 1(b)(2), M.R.App.P. As a result, we do not address the merits of this argument.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

10

February 15, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the
following named:


Alan J. Joscelyn
Gough, Shanahan, Johnson & Waterman
P.O. Box 1715
Helena, MT 59624-1715


David W. Tundermann; Jim Butler; Lisa A. Kirschner
Parsons, Behle & Latimer
P.O. Box 45898
Salt Lake City, UT 84145-0898


Robert J. Thompson
Special Assistant Attorney General
Department of Health & Environmental Sciences
Legal Division, Cogswell Building
Helena MT 59620-0902


Peter Michael Meloy
Attorney At Law
Box 1241
Helena MT 59624-1241


Donald R. Marble
Attorney At Law
Box 649
Chester MT 59522-0649


Paul Zogg
Attorney At Law
911 16th Street #6
Boulder CO 80302


Robert Golten, Jr., Esq.
University of Colorado Indian Law Clinic

Box 404 Fleming Law Building
Boulder CO 80309-0404

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy