No. 04-871

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 281

ROBERT W. ALLEN, et al.,

        Plaintiffs and Respondents,

   v.

ATLANTIC RICHFIELD COMPANY, a For Profit
Foreign Corporation; et al.,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Eighth Judicial District,
                  In and for the County of Cascade, Cause No. CDV-01-615(B),
                  The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Oliver H. Goe, G. Andrew Adamek, and Chad E. Adams, Browning,
                Kaleczyc, Berry & Hoven, P.C., Helena, Montana

        For Respondents:

                Tom L. Lewis, Lewis, Slovak & Kovacich, P.C., Great Falls, Montana

                        Submitted on Briefs:  August 10, 2005

                                 Decided:  November 8, 2005

Filed:

              _____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Columbia Falls Aluminum Company, LLC (CFAC) appeals from an order of the Eighth Judicial District, Cascade County, denying its motion for change of venue. We affirm.

¶2 The sole issue on appeal is whether the District Court erred in denying CFAC's motion to change venue.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Respondent Robert W. Allen and forty-six other plaintiffs (hereafter collectively "Allen") seek damages for personal injuries and loss of consortium stemming from the contraction of asbestos related disease by them or their spouses. Allen filed this original complaint on July 6, 2001, and an amended complaint on July 19, 2001. Allen's amended complaint alleges that the unlawful and tortious conduct of Defendants/Appellants, including CFAC, caused Allen's exposure to asbestos and asbestos contaminated products and proximately caused their asbestos disease. Allen alleges multiple theories of liability, including strict products liability. Allen filed this action in the Eighth Judicial District, Cascade County, alleging that the residence and tortious conduct of one of the fifty-three defendants, Robinson Insulation Company (Robinson Insulation), occurred in Cascade County.

¶4 Robinson Insulation is a defunct Montana corporation. Robinson Insulation operated a vermiculite expansion plant in Cascade County, where it received raw asbestos contaminated vermiculite, expanded the vermiculite, and manufactured and sold products

2

containing asbestos. It manufactured, developed, marketed, packaged, labeled, distributed, and sold its asbestos products in Cascade County. The Secretary of State involuntarily dissolved Robinson Insulation on December 1, 1989.

¶5     CFAC filed a motion for change of venue from Cascade County to Flathead County on September 15, 2004, arguing that Robinson Insulation did not reside in Cascade County at the commencement of this action, and that Allen improperly had joined Robinson Insulation so it could maintain venue in Cascade County. The District Court denied the motion. CFAC appeals.

## STANDARD OF REVIEW

¶6     Whether a county is a proper place for trial presents a question of law involving the application of the relevant venue statutes to the pleaded facts. *Wentz v. Montana Power Company* (1996), 280 Mont. 14, 17, 928 P.2d 237, 238 (citation omitted). Thus, our review of the District Court's denial of the motion for change of venue is plenary; we simply determine whether the court's ruling was legally correct. *Wentz*, 280 Mont. at 17, 928 P.2d at 238.

## DISCUSSION

¶7     CFAC argues that the District Court erred in denying its motion for change of venue because Allen has not satisfied any of the statutory criteria necessary to maintain venue in Cascade County. CFAC also alleges that Allen joined Robinson Insulation solely as a sham defendant to manipulate venue. CFAC further contends that Allen improperly joined Robinson Insulation and that no cause of action exists against it due to its defunct status.

3

¶8      Venue may be proper in more than one county. *See* § 25-2-115, MCA. No motion may be granted to change the place of a trial brought in a proper county. Section 25-2-115, MCA. If a party brings an action in a county that is not designated as a proper venue, however, a defendant may move for a change of venue to any proper county. Section 25-2-115, MCA. The county in which the defendant resides generally provides the proper venue for civil actions. Section 25-2-118, MCA; *Berlin v. Boedecker* (1989)*, 235 Mont. 443, 444, 767 P.2d 349, 350 (citation omitted). If there are two or more defendants in an action, then a county that is the proper place of trial for one defendant is proper for all defendants. Section 25-2-117, MCA.

¶9      Montana law provides additional venue statutes that allow for exceptions to the general venue rules of § 25-2-118, MCA, for certain types of actions. *Liang v. Lai*, 2004 MT 188, ¶ 17, 322 Mont. 199, ¶ 17, 94 P.3d 759, ¶ 17. For tort actions, § 25-2-122(1), MCA, provides that, among other proper venues, the proper place for a tort action is (a) the county in which the defendants or any of them reside at the commencement of the action; or (b) the county in which the tort was committed.

¶10     The Dissent argues that we also should incorporate § 25-2-116, MCA, into our analysis in this case. Section 25-2-116, MCA, provides, in part, that for "an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action . . . ." The legislature adopted § 25-2-116 "to prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity. . . ." *Wentz*,

280 Mont. at 21-22, 928 P.2d at 241. The Dissent argues that Section 25-2-116, MCA, and its reasoning should be extended to encompass spurious defendants. The Dissent thus urges this Court to revise a statute despite the legislature's failure to do so. It is not the role of this Court to insert what has been omitted when applying statues. *State v. Goebel*, 2001 MT 73, ¶ 16, 305 Mont. 53, ¶ 16, 31 P.3d 335, ¶ 16. We therefore decline to apply § 25-2-116, MCA, to this case.

¶11 We determine the proper venue based on the allegations contained in the complaint. *Petersen v. Tucker* (1987), 228 Mont. 393, 395, 742 P.2d 483, 484; *Johnson v. Clark* (1957), 131 Mont. 454, 461, 311 P.2d 772, 776. We repeatedly have refused to address the issue of whether a party is properly joined in an action on an appeal of a motion for change of venue. *State v. Pegasus Gold Corp.* (1995), 270 Mont. 32, 36, 889 P.2d 1197, 1199-1200; *Kendall v. State* (1988), 231 Mont. 316, 318, 752 P.2d 1091, 1092; *Petersen*, 228 Mont. at 395, 742 P.2d at 484.

¶12 In *Petersen*, plaintiffs, Missoula County residents, filed an action against the State and other defendants in Missoula County, alleging civil rights violations. *Petersen*, 228 Mont. at 394, 742 P.2d at 483. Plaintiffs relied on § 25-2-126(1), MCA, which allows Montana residents to bring actions against the State in their county of residence. *Petersen*, 228 Mont. at 395, 742 P.2d at 484. Defendants, residents of Lewis and Clark County, moved for a change of venue to Lewis and Clark County, arguing that the State was not a proper party to the action, and thus venue was not proper in Missoula County. *Petersen*, 228 Mont. at 395, 742 P.2d at 484. We declined to address the issue of whether the State was a proper

5

party to the action, noting that the plaintiffs specifically had named the State in the complaint and that the district court had not dismissed the State from the action. *Petersen*, 228 Mont. at 395, 742 P.2d at 484; *see also Pegasus Gold Corp.*, 270 Mont. at 36, 889 P.2d at 1199-1200 (relying on *Petersen* in declining to address whether defendant was properly named party); *Kendall*, 231 Mont. at 318, 752 P.2d at 1092 (citing *Petersen* in refusing to address whether defendant was properly named party).

¶13    The principles of *Petersen* apply in this case and dictate the same result. Our case law clearly holds that we will not go beyond the allegations contained in the complaint to determine questions of venue, which is precisely what CFAC would have us do. Allen's original and amended complaints allege Robinson Insulation was a Montana corporation with its principal place of business in Cascade County. The complaints further allege that Robinson Insulation's tortious and illegal conduct occurred within Cascade County and proximately caused Allen's injuries. Moreover, Allen specifically named Robinson Insulation as a defendant in both the original and amended complaints and the District Court has not dismissed it from this action. Venue in Cascade County appears proper under either § 25-2-118, MCA, or § 25-2-122(1), MCA, based on the allegations in the complaints.

¶14    Robinson Insulation's status as a defunct corporation does not mandate a different result. CFAC urges this Court to apply a repealed corporate survival statute, § 35-1-930, MCA (1989), to conclude that Robinson Insulation is precluded from suit. Section 35-1-930, MCA (1989), was in effect at the time of Robinson Insulation's involuntary dissolution in 1989. This statute provided, in part, "[t]he dissolution of a corporation . . . shall not take

6

away or impair any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within 5 years after the date of such dissolution." CFAC argues that this five-year statute of repose bars suit against Robinson Insulation. We disagree.

¶15 The legislature repealed § 35-1-930, MCA (1989), in 1991 and replaced it with two statutes, § 35-1-935, MCA, and § 35-1-937, MCA. These corporate survival statutes maintain the status quo concerning corporate rights and responsibilities before and after dissolution. Section 35-1-935, MCA, provides, in part, that "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its affairs including: . . . (c) discharging or making provision for discharging its liabilities; . . . . (2) Dissolution of a corporation does not: . . . (e) prevent commencement of a proceeding by or against the corporation in its corporate name; . . . ." Section 35-1-937, MCA, expressly authorizes actions against defunct corporations. This statute provides, in part, "the dissolution of a corporation, including by the expiration of its term, does not take away or impair any remedy available to or against the corporation or its officers, directors, or shareholders for any claim or right, whether or not the claim or right existed or accrued prior to dissolution."

¶16 We conclude that §§ 35-1-935, MCA, and 35-1-937, MCA, govern Allen's ability to maintain an action against Robinson Insulation. CFAC argues that this interpretation would require impermissible retroactive application of these statutes. No law in Montana can be applied retroactively unless expressly provided by the legislature. Section 1-2-109,

7

MCA. "Retroactive," for purposes of § 1-2-109, MCA, means "a statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability, in respect to transactions already past . . . ." *Williams v. Wellman-Power Gas, Inc.* (1977), 174 Mont. 387, 390, 571 P.2d 90, 92 (citation omitted).

¶17 In *Williams*, we concluded that application of an amendment extending the statute of limitations to claims not already barred at the time that the amendment took effect would not constitute retroactive application, because "[n]o vested rights are taken away or impaired. No new duties or disabilities are imposed." *Williams*, 174 Mont. at 390-91, 571 P.2d at 92. Moreover, we have determined that statutes of repose such as § 35-1-930, MCA (1989), do not grant vested rights to be free from liability until *after* the running of a legislatively determined period of time. *Joyce v. Garnaas*, 1999 MT 170, ¶ 14, 295 Mont. 198, ¶ 14, 983 P.2d 369, ¶ 14 (citation omitted).

¶18 As in *Williams*, application of §§ 35-1-935, MCA, and 35-1-937, MCA, to Robinson Insulation does not give the statutes impermissible retroactive effect. Robinson Insulation had no vested right to be free from liability before the running of the five-year statute of repose of § 35-1-930, MCA (1989). The legislature's repeal of § 35-1-930, MCA (1989), and subsequent enactment of §§ 35-1-935, MCA, and 35-1-937, MCA, in 1991, occurred before the expiration of the five-year statute of repose. Thus, Robinson Insulation had not yet acquired a vested right to be free from liability, *Joyce* ¶ 14, and application of the new statutes is not retroactive, *Williams*, 174 Mont. at 390-91, 571 P.2d at 92.

¶19 CFAC relies on *Joyce* for its assertion that the right to be free from liability vested on the date of Robinson Insulation's dissolution. *Joyce* clearly states, however, that these rights become vested only after the legislatively determined period of time has lapsed. *Joyce*, ¶ 14. CFAC nevertheless attempts to circumvent this result by emphasizing the difference between statutes of limitations and statutes of repose. CFAC points out that although statutes of limitations are subject to equitable principles, such as tolling, statutes of repose are not. Though not subject to equitable tolling, statutes of repose may be amended through legislative enactments. *See Hardgrove v. Transportation Ins. Co.*, 2004 MT 340, ¶ 10, 324 Mont. 238, ¶ 10, 103 P.3d 999, ¶ 10 (citation omitted). Here, we deal not with equitable tolling of a statute of repose, but with a permissible legislative enactment and thus the distinction between a statute of repose and a statute of limitations proves irrelevant for our purposes.

¶20 We need not address either party's arguments regarding Robinson Insulation's status as an affiliated entity in the W.R. Grace bankruptcy case, Cause No. 01-01139 (Bankr. D. Del.). Neither party presented this issue to the District Court. This Court will not consider issues raised for the first time on appeal. *State v. Wetzel,* 2005 MT 154, ¶ 13, 327 Mont. 413, ¶ 13, 114 P.3d 269, ¶ 13 (citation omitted).

¶21 We therefore affirm the District Court's denial of CFAC's motion for change of venue.

¶22 Affirmed.

/S/ BRIAN MORRIS

9

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

Justice John Warner dissents.

¶23 I must respectfully dissent. I cannot join in a decision that ignores substantial evidence indicating the plaintiff chose a favorable venue by simply naming a specious defendant against whom he has no genuine intention of pursuing judgment.

¶24 The majority is correct in noting that § 25-2-116, MCA, bars plaintiff from adding spurious claims in an effort to control venue. I do not suggest that we add to the specific provisions of § 25-2-116, MCA. In my view, naming a sham defendant, one that a plaintiff has no intention of securing a judgment against, is indeed the same as making a spurious claim against that defendant.

¶25 We recognized in *Wentz* that § 25-2-116, MCA, was adopted "to prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity. . . ." *Wentz*, 280 Mont. at 21-22, 928 P.2d at 241; *see also Liang,* ¶ 19 (§ 25-2-116 "prevent[s] plaintiffs from promulgating spurious claims as a means of denying a favorable venue to a defendant."). Thus, under § 25-2-116, MCA, we refuse to allow a plaintiff to include specious claims for the purpose of obtaining a preferred venue. In light of this policy, I fail to see how adding a specious defendant to obtain a preferred venue under § 25-2-117, MCA, is different and thus permissible. Yet, this is what the majority concludes here by simply ignoring the strong possibility that Robinson Insulation is included as a defendant for the sole purpose of manipulating venue.

¶26 The record is replete with facts that support Atlantic Richfield's argument that Robinson Insulation is a sham defendant. Robinson Insulation was involuntarily dissolved

12

by the State in 1989 and no longer exists. Plaintiffs have not attempted to serve Robinson Insulation, its former directors, officers or shareholders, and the time frame for doing such has long passed. Even more convincing, Atlantic Richfield has offered evidence that Plaintiffs' counsel has named Robinson Insulation in numerous other cases, presumably to obtain venue in Cascade County, yet Plaintiffs' counsel has never pursued a judgment against Robinson Insulation, or its former directors, officers or shareholders.

¶27 I concede that on the face of §§ 35-1-935 and 35-1-937, MCA, Plaintiffs could possibly have a valid claim against Robinson Insulation, and because it was a resident of Cascade County, such county would be a "proper" venue under §§ 25-2-117 and 25-2-118, MCA, if the claim was actually made. However, one may conclude from *Wentz* that the legislature did not intend an abuse of the law by naming sham defendants for the sole purpose of obtaining a preferred venue. *See Wentz*, 280 Mont. at 21-22, 928 P.2d at 241-242.

¶28 In considering the analogous situation of naming a defendant for the purpose of defeating diversity of citizenship, the federal courts have refused to allow plaintiffs to manipulate the rules of civil procedure by naming sham defendants. The federal courts have made it clear that in joining a defendant the plaintiff must have the intent to pursue a judgment against that defendant.[1] *Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart* (1913), 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; *Triggs v. John Crump Toyota, Inc.* (11th

---

[1] I recognize the distinction between an intention to pursue or obtain a judgment versus the ability to collect on a judgment. The latter is not required of plaintiff; however, the former clearly is. The record here presents a real possibility that Plaintiffs lacked any intent to pursue judgment against Robinson Insulation.

13

Cir. 1998), 154 F.3d 1284, 1291.  When a plaintiff's intent in joining a defendant has been questioned, several federal circuits have resolved the issue by "piercing the pleadings" and considering summary judgment-type evidence such as affidavits and deposition testimony. *E.g., Morris v. Princess Cruises, Inc.* (9th Cir. 2001), 236 F.3d 1061, 1068; *Cavallini v. State Farm Mut. Auto Insur.* (5th Cir. 1995), 44 F.3d 256, 263.  This Court has previously adopted such a practice at least by implication.  As discussed above in *Wentz* and *Liang*, we interpreted § 25-2-116, MCA, to "prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity. . . ." *Wentz*, 280 Mont. at 21-22, 928 P.2d at 241.  In *Liang*, this Court reviewed the record to find any indication that the plaintiff had added claims as a way to manipulate venue, and to see whether defendants had alleged such.  In that case we found neither, but the opposite is true here.  Therefore, I would reverse and remand for an appropriate hearing resulting in findings of fact as to whether Plaintiffs had a genuine intent to pursue judgment against Robinson Insulation.

/S/ JOHN WARNER

Justice Jim Rice joins in the foregoing dissent.

/S/ JIM RICE

14