No. 05-642

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 200N

JUDY HORTON and LOIS LENOIR,

      Plaintiffs and Appellants,

    v.

YELLOWSTONE COUNTY TREASURER'S
OFFICE and CINDY SELLERS, former
Yellowstone County Treasurer,

      Defendants and Respondents.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2003-1248,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Robert L. Stephens, Southside Law Center, Billings, Montana

      For Respondents:

          Dennis Paxinos, County Attorney; Kevin Gillen and Mark A. English,
Deputy County Attorneys, Billings, Montana

Submitted on Briefs:  June 21, 2006

Decided:  August 22, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On May 14, 2002, Judy Horton and Lois Lenoir filed separate discrimination complaints with the Montana Human Rights Commission (MHRC) against Yellowstone County Treasurer's Office and Cindy Sellers, the former Yellowstone County Treasurer. Lenoir alleged that she was discriminated against because she filed a successful lawsuit against Sellers, while Horton alleged that Sellers discriminated against her because Horton had testified against Sellers in that same lawsuit. The MHRC dismissed both of the complaints on November 12, 2002, after finding that there was no reasonable cause to believe that discrimination had taken place.

¶3 Horton and Lenoir filed a complaint in the Thirteenth Judicial District Court, Yellowstone County, on December 2, 2003, alleging causes of action under Title 49 of the Montana Code Annotated, which contains the Montana Human Rights Act. Sellers filed a motion for summary judgment, which the County subsequently joined, arguing that Horton and Lenoir failed to file their complaint within ninety days, as required by the statute of limitations provided for in § 49-2-509(5), MCA. Horton and Lenoir argued in response that Sellers misconstrued their complaint as one of discrimination under the

2

exclusive jurisdiction of the Act when the complaint "clearly" gave notice of "tort claims," which have a three-year statute of limitations.

¶4 On May 2, 2005, the District Court granted defendants' motion for summary judgment. The court noted that the plaintiffs missed the ninety-day statute of limitations by nine months, as they filed their complaint on December 2, 2003, when the deadline for was February 15, 2003. The court also determined that Horton and Lenoir did not allege any torts in their complaint. Citing *Arthur v. Pierre, Ltd.*, 2004 MT 303, 323 Mont. 453, 100 P.3d 987, the court concluded that the Act is the exclusive remedy for Horton and Lenoir's discrimination claim and that the plaintiffs cannot circumvent this exclusive remedy by simply re-characterizing the complaint as one of tort claims.

¶5 A few days prior to the District Court's order granting summary judgment to the defendants, Horton and Lenoir filed a motion to file an amended complaint. On May 11, 2005, a week *after* the court granted summary judgment, Horton and Lenoir filed a motion to file a second amended complaint and a notice of withdrawal of the original amended complaint. The District Court denied the plaintiffs' motion to file a second amended complaint, concluding that it was inappropriate for the court to allow amendment of a complaint *after* both parties had fully briefed and argued their respective positions and a dispositive ruling had been issued. The court concluded that the plaintiffs' motion was untimely, noting that Horton and Lenoir "chose to defend their original Complaint throughout briefing and oral argument and, only after it was readily apparent that the language of the Complaint was fatal to their case, did they file a last-

3

minute Motion for Leave to File (First) Amended Complaint." The court also determined that since the plaintiffs were precluded from re-characterizing their claims as tort claims, the filing of an amended complaint would be futile.

¶6 Horton and Lenoir appealed, arguing that the ninety-day statute of limitations for filing the HRC claim was equitably tolled by their filing of a 42 U.S.C. § 1985 claim in federal court. Because Horton and Lenoir failed to argue tolling in the District Court, however, we will not consider this argument on appeal. *Allen v. Atl. Richfield Co.*, 2005 MT 281, ¶ 20, 323 Mont. 230, ¶ 20. Furthermore, the federal claim under 42 U.S.C. § 1985 cannot serve to save a separate and distinct HRC discrimination claim in state court. As for the court's denial of the plaintiffs' motion to amend their complaint, we agree with the District Court that an amended complaint would have been futile.

¶7 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted and there was clearly no abuse of discretion by the District Court.

¶8 We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

4

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE