FILED

05/14/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0700

DA 23-0700

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 106N

SKYLER WILLARD, LACIE WILLARD,
individually and on behalf of R.C.R.W.,
R.A.W., and A.L.W., minor children,

      Plaintiffs and Appellees,

   v.

JOSEPH SCHMAUS, TRACI SCHMAUS,
and DOES 1-9,

      Defendants and Appellants.

APPEAL FROM:   District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. ADV-2023-558
                Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Joseph Schmaus, Traci Schmaus, Self-Represented, Clancy, Montana

      For Appellees:

          Jeffrey M. Doud, Doud Law Firm, P.C., Helena, Montana

                           Submitted on Briefs:  April 17, 2024
                                      Decided:  May 14, 2024

Filed:

                    _____
                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants appeal the denial of their motion to change venue pursuant to § 25-2-201(1), MCA, which requires change of venue when the county designated in the complaint is not a proper county. Their only argument on appeal is that they were not given an opportunity to file a reply brief before the District Court ruled on the motion. After reviewing the record, we conclude any alleged error was harmless. "[N]o civil case shall be reversed by reason of error which would have no significant impact upon the result; if there is no showing of substantial injustice, the error is harmless." *In re A.N.*, 2000 MT 35, ¶ 39, 298 Mont. 237, 995 P.2d 427 (internal quotation omitted). For tort actions, § 25-2-122, MCA, provides that a proper venue is either the county where the defendant resides *or* the county where the tort was committed. *Allen v. Atl. Richfield Co.*, 2005 MT 281, ¶ 9, 329 Mont. 230, 124 P.3d 132. Here, Appellees allege Appellants committed torts in Lewis and Clark County, and they filed their lawsuit in Lewis and Clark County as § 25-2-122, MCA, contemplates. The only prejudice Appellants claim in not being able to file a reply brief is the inability to file "appropriate responsive documents" without describing what those might have been and how it would affect that Appellees

brought their action in an appropriate county. Appellants have thus failed to show that any substantial injustice has occurred.

¶3     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶4     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE