No. 88-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JOHN D. ROMAIN,

                    Defendant and Appellant,

        -vs-

EARL SCHWARTZ COMPANY, A Partnership,
composed of EARL SCHWARTZ, GLADYS
SCHWARTZ, KAY SCHWARTZ YORK, RAY L.
YORK, KATHY SCHWARTZ MAU, ROBERT MAU
and KARLA LEA SCHWARTZ, Partners,

                    Defendant and Respondent.

APPEAL FROM:  District Court of the Twelfth Judicial District,
              In and for the County of Hill,
              The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Robert J. Emmons and Joseph Sullivan; Emmons & Coder,
                Great Falls, Montana

        For Respondent:

                STUART C MACKENZIE, Burns, Solem & MacKenzie, Chinook,
                Montana

                                    Submitted on Briefs:  June 30, 1989

                                        Decided:  August 25, 1989

Filed:

                    Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an action begun to foreclose a mortgage on agricultural real property. Defendant John D. Romain (Romain) appeals from the judgment of the District Court of the Twelfth Judicial District, Hill County, finding adverse to his cross-claim asserted against Earl Schwartz Company, a partnership (partnership). We affirm in part and reverse in part.

Although Romain presents several issues for review, we find that consideration of only two are necessary to decide this case. These issues are:

1) Did the trial court err in determining that Romain as vendor and grantor divested himself of all alleged rights to repossession under a contract for deed covering the property upon delivery of a warranty deed to the partnership, vendee and grantee?

2) Did the trial court err in holding that Romain failed to mitigate his damages and therefore should not be allowed to assert a right of indemnity against the partnership for damages caused by the partnership's default on the mortgage?

The facts in this case are somewhat complicated. On July 26, 1979, John Romain agreed to sell his farm by contract for deed to the partnership for $4,635,000. When this contract was entered into, the farm was subject to a mortgage held by John Hancock Mutual Life Insurance Company (John Hancock). As part of the purchase price, the partnership agreed to pay the remaining balance owed John Hancock by Romain. On July 31, 1979, Earl Schwartz as an individual delivered his personal guaranty of Romain's note, to the extent of $1,000,000, to John Hancock.

2

In January 1980, the partnership paid off the balance owed Romain on the contract for deed. Romain then conveyed the legal title by warranty deed to the partnership, "subject to," the John Hancock mortgage.

In 1986 and 1987, payments on the mortgage were not made, putting the note and mortgage in default. As a result, John Hancock sued to foreclose on the property. Named as defendants were the partnership and the individual partners, Earl Schwartz in his individual capacity as guarantor, John and Maradel Romain and other lienholders.

Upon learning of the default, Romain cross-claimed against the partnership and sought cancellation of the contract for deed, possession of the property and growing crops, and all monies from any federal farm programs on the farm. On August 29, 1988, the trial judge granted John Hancock a decree of foreclosure with a judgment against John and Maradel Romain for $3,966,973.46, and a judgment against Earl Schwartz based on his guaranty in the amount of $1,269,310.87.

The trial judge made separate Findings of Fact, Conclusions of Law and Judgment on Romain's cross-claim. On this issue, the trial court denied Romain relief and redemption rights and left the partnership in possession of the farm property and crops, and all monies from the 1987 and 1988 farm programs.

In reaching this conclusion, the court found that Romain lost all rights to repossession of the property upon delivery of the warranty deed by him to the partnership. Because he had no right to possession of the property, the trial court also found that Romain had no claim to any growing crops or farm program money. Rather, his only existing remedy under the contract for deed was indemnification by the partnership for damages sustained as a consequence of the default.

3

Any right to indemnification, however, was contingent upon Romain's mitigation of damages. In August of 1988, John Hancock wrote Romain and informed him that if he executed a deed transferring all of his rights and interest in the property to John Hancock, he would be absolved of all claims against him resulting from the foreclosure and any deficiency which may arise. Romain refused to execute such a deed. The trial court found this refusal to be a failure on his part to mitigate damages. Consequently, Romain was denied indemnification for any deficiency judgment which may arise from the foreclosure sale. This appeal followed.

I

Romain argues that his delivery of the warranty deed to the partnership did not operate to divest him of his right to repossession of the farm under the contract for deed. We disagree.

In support of our conclusion, we begin by examining two statutes. Section 70-1-508, MCA, provides that a grant of property takes effect only upon delivery by the grantor. Moreover, § 70-1-510, MCA, provides that a grant cannot be delivered conditionally. Rather, delivery to a grantee is deemed to be absolute and the instrument takes effect upon its delivery. Any prior conditions are discharged at time of delivery.

Examination of these two statutes leads to the conclusion that Romain divested himself of all interest in the property upon delivery of the deed to the partnership. The language of the warranty deed is clear. Romain gave up the legal title and any other interest in the property.

Romain argues, however, that it was not his intent, upon delivery of the deed, to give up his right to repossession upon foreclosing or cancelling the contract for deed. He maintains that it was always his intention, to allow the

4

forfeiture clause of the contract for deed to remain in effect until the John Hancock loan was fully repaid. Because he remained liable for any deficiency underlying the multi-million dollar mortgage, Romain argues that his intention to retain his right to repossession should be obvious.

We recognize that a valid delivery of title requires not only actual manual transfer, but also an intent on the part of the grantor to pass title to the property. Hartley v. Stibor (Idaho 1974), 525 P.2d 352, 355. Therefore, it is possible that there is no legal delivery although the instrument has been delivered to the grantee. Hayes v. Moffatt (1928), 83 Mont. 214, 226, 271 P. 433, 437. Romain argues that this lack of intent is evidenced by the default provision within the contract for deed and the language within the warranty deed which states that the conveyance is "subject to" the John Hancock mortgage.

This logic fails in light of Montana statutory law, the language of the warranty deed, and established case law. Section 70-1-519, MCA, in accordance with established case law, provides that upon transfer of property, the transferee obtains all title held by the transferor unless a different intention is expressed or is necessarily implied. As stated earlier, Romain maintains that this intent should be implied from the language within the contract and the warranty deed, and the circumstances surrounding the conveyance.

The language of the deed giving up all right, title and interest in the property clearly indicates Romain's intent to transfer full title to the partnership, including all his security interest. The fact that the warranty deed contained language stating that it was "subject to" the John Hancock mortgage does not render inoperative the presumption that Romain intended to convey his entire interest. It is

5

presumed that one who conveys property by deed intends to convey his entire interest unless a portion of the interest is expressly excepted. The words "subject to" are a limitation upon the warranty of title and not such an exception. First National Bank of Denver v. Allard (Colo. 1972), 506 P.2d 405, 406.

Moreover this intention, manifested by the deed, prevails over any contrary intent which may be gleamed from the contract for deed. It has long been recognized that an unambiguous provision in a deed prevails over an inconsistent provision in a sales contract pursuant to which the deed was given. Johnson v. Ware (Cal. 1943), 136 P.2d 101, 102; McCafferty v. Young, (1964), 144 Mont. 385, 397 P.2d 96.

II

Romain next contests the trial court's decision to deny him any right to indemnity for damages sustained as a result of the respondent's default. The trial court ruled that Romain failed to mitigate his damages by refusing to execute a deed transferring all of his rights in the property to John Hancock. In exchange for this performance, John Hancock promised to absolve Romain of any possible deficiency judgment. Because of this failure to mitigate, the court held that Romain could not avail himself of any indemnification by the partnership for damages sustained as a consequence of their default.

In this regard, we disagree with the trial judge. A damaged party is only expected to do what is reasonable under the circumstances and need not embark upon a course of action which may cause further detriment to him. Spackman v. Ralph M. Parsons Co. (1966), 147 Mont. 500, 414 P.2d 918. Romain may have reasonably determined that a release of his interest in the property to John Hancock would jeopardize his ownership of the claim here. Therefore, we decide that under

6

these facts, Romain was under no duty to sign over the deed to John Hancock until he exhausted his remedies. However, as a result of the holding in this case, Romain could now be required to transfer all of his rights in the property pursuant to John Hancock's offer. Accordingly, on this issue the trial court is reversed and the case is remanded for proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

7