No. 96-436

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

HAROLD E. GIERKE and SHIRLEY GIERKE,

      Plaintiffs and Respondents,

v.

LONNY WALKER,

      Defendant and Appellant.

FILED

NOV 21 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Thomas R. Anacker, Anacker Law Office,
          Bozeman, Montana

      For Respondent:

          John H. Tarlow, Landoe, Brown, Planalp
          & Braaksma, Bozeman, Montana

Submitted on Briefs:  October 31, 1996

Decided:  November 21, 1996

Filed:

_____
         Clerk

Justice Terry N. Treiweiler delivered the opinion of the Court.

The respondents, Harold E. Gierke and Shirley Gierke, filed an action against the appellant, Lonny Walker, in the District Court for the Eighteenth Judicial District in Gallatin County. The District Court granted partial summary judgment in favor of the Gierkes on the issue of liability, and after a hearing, entered judgment for damages. Walker appeals the judgment of the District Court. We affirm the District Court.

The issues on appeal are:

1. Did the District Court err when it granted partial summary judgment in favor of the Gierkes on the issue of liability?

2. Did the District Court err when it concluded that the Gierkes "took reasonable and appropriate steps" to mitigate their damages?

## FACTUAL BACKGROUND

On November 1, 1994, the Gierkes contracted with Walker to purchase a house in Bozeman from him. The Gierkes paid Walker the sum of $135,000 for the house. Pursuant to the contract, Walker agreed to perform additional renovation work on the house after payment and transfer of possession.

Subsequently, the Gierkes discovered various construction defects in the house for which they concluded Walker was responsible. They insisted that he cease the renovation work, and denied him access to the property.

2

For several weeks thereafter, the parties engaged in negotiations. Ultimately, in April 1995, they entered into a second contract. Pursuant to the terms of that contract, Walker agreed to repurchase the house from the Gierkes for the sum of $135,000. The contract also required the Gierkes to execute a mutual release of claims at the time of closing. Significantly, the contract contained the following language:

> 13. <u>Settlement of Dispute and Mutual Release of Claims</u>.
> The parties acknowledge that the purchase and sale of the Premises pursuant to the terms of this Agreement is for the purpose of settling the dispute between them regarding the nature and quality of the construction of the house located on the Premises and the sale of the Premises by Lonny Walker to Harold E. Gierke and Shirley Gierke.
> Upon closing of the sale of the Premises described in this Agreement, the parties agree to execute the Mutual Release of Claims attached to this Agreement as Exhibit 1.

On July 12, 1995, the scheduled closing date, the Gierkes were prepared to perform in accordance with the terms of the contract. Walker, however, failed to attend the closing, and has never paid the repurchase price.

In August 1995, the Gierkes filed an action against Walker in the District Court. In their complaint, they sought: (1) an order requiring specific performance of the April 1995 contract; and (2) the recovery of damages from Walker for his breach of contract.

In January 1996, the District Court granted partial summary judgment in favor of the Gierkes on the issue of liability. The District Court found that there were no disputed issues of material

3

fact, and that, based on Walker's undisputed breach of the April 1995 contract, the Gierkes were entitled to judgment as a matter of law.

Subsequently, the District Court held a nonjury trial on the issue of damages. Walker stipulated to the amount of damages; however, he alleged as an affirmative defense that the Gierkes failed to adequately mitigate their damages.

At the conclusion of the hearing, the District Court determined that the Gierkes "took reasonable and appropriate steps" to mitigate their damages, denied Walker's affirmative defense for failure of proof, and entered judgment for the Gierkes.

The District Court awarded the Gierkes damages in the amount of $148,525.68, and ordered specific performance of the April 1995 contract. Specifically, the District Court issued the following order:

> Mr. Walker will be given 60 days to either pay the repurchase price himself or find a buyer . . . . If Mr. Walker fails to so act, the Gierkes are authorized to list the property for sale . . . . Any deficiency involving the above damage elements and any new costs of sale would be reflected in a judgment in favor of the Gierkes and against Mr. Walker.

### ISSUE 1

Did the District Court err when it granted partial summary judgment in favor of the Gierkes on the issue of liability?

Summary judgment is governed by Rule 56(c), M.R.Civ.P., which provides, in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

4

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The purpose of summary judgment is to encourage judicial economy through the elimination of any unnecessary trial. However, summary judgment is not a substitute for trial if a genuine factual controversy exists. *Reaves v. Reinbold* (1980), 189 Mont. 284, 288, 615 P.2d 896, 898.

It is well established that the moving party must prove that it is entitled to a judgment as a matter of law. To do this, it is required to show a complete absence of any genuine factual issues. *D'Agostino v. Swanson* (1990), 240 Mont. 435, 442, 784 P.2d 919, 924. To defeat the motion, the nonmoving party must set forth facts which demonstrate that a genuine factual issue exists. *O'Bagy v. First Interstate Bank of Missoula* (1990), 241 Mont. 44, 46, 785 P.2d 190, 191.

It is undisputed that Walker breached the April 1995 contract, and in his brief he concedes that there are no genuine issues of material fact. However, he contends that the Gierkes are not entitled to a judgment as a matter of law. He claims that a condition precedent in the contract was not met, and that, therefore, his performance cannot be enforced.

Walker bases his claim on the following language, contained in paragraph thirteen of the April 1995 contract: "Upon closing of

5

the sale of the Premises described in this Agreement, the parties agree to execute the Mutual Release of Claims."

Contrary to Walker's assertion, the language contained in paragraph thirteen does not establish a condition precedent. "A condition precedent is a condition which must be met before the agreement becomes effective." *Depee v. First Citizen's Bank of Butte* (1993), 258 Mont. 217, 220, 852 P.2d 592, 593.

In this case, the April 1995 contract was effective when signed, and its enforceability was not conditioned upon the occurrence of a particular event. In fact, paragraph thirteen only establishes a condition subsequent--it merely dictates what action the parties must take *after* closing. Pursuant to the contract, Walker would have been entitled to receive a release of claims "upon closing." However, his obligation to perform and repurchase the house was not conditioned upon his receipt of a release of claims.

It is undisputed that Walker breached the April 1995 contract when he failed to attend the closing, and since he has failed to pay the repurchase price. Furthermore, his claim with regard to the unenforceability of the contract is without merit.

We conclude that there are no genuine issues of material fact, and that the Gierkes are entitled to judgment as a matter of law. Accordingly, we hold that the District Court did not err when it granted partial summary judgment in favor of the Gierkes on the issue of liability.

ISSUE 2

Did the District Court err when it concluded that the Gierkes "took reasonable and appropriate steps" to mitigate their damages?

When we review a district court's findings of fact, the standard of review is whether those findings are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. When we review a district court's conclusions of law, the standard of review is whether those conclusions are correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

On appeal, Walker contends that, for the following reasons, the Gierkes failed to adequately mitigate their damages: (1) they failed to rent two units of the residence; and (2) they denied him access to the property, and did not allow him to make improvements. He also alleges that, as a result of their actions, he was unable to sell the property to a third party.

We begin our analysis with the following well-established principles of Montana contract law:

> The rule in Montana is that a nondefaulting party in a contractual arrangement must act reasonably under the circumstances so as not to unnecessarily enlarge damages caused by default. Whether the injured party violated his duty to mitigate damages is a question for the trier of fact when there is conflicting evidence.

*Bronken's Good Time Co. v. J.W. Brown & Assoc.* (1983), 203 Mont. 427, 432-33, 661 P.2d 861, 864 (citations omitted). Furthermore, we recognize that a "damaged party is only expected to do what is reasonable under the circumstances and need not embark upon a course of action

7

which may cause further detriment to him." *Romain v. Earl Schwartz Co.* (1989), 238 Mont. 500, 504, 779 P.2d 54, 56-7.

At the conclusion of the trial on the issue of damages, the District Court directly addressed Walker's affirmative defense, and made the following findings of fact:

> 12. Gierkes give these reasons for not renting any of the units after [the scheduled closing date]:
> (a) If they rented the property, Mr. Walker might later dispute the condition of the property.
> (b) Mr. Walker led Gierkes to believe that he was either going to come up with the repurchase price or sell it to a third party. Gierkes wanted the residence to be ready for immediate occupancy.
> (c) They were concerned about the defective condition of the property, and possible injuries to tenants . . . .
> (d) Gierke's counsel requested a written proposal from Mr. Walker concerning the possible rental of the units, and no response was received.
>
> . . . .
>
> 14. The Gierkes offered three reasons why they would not allow Mr. Walker onto the property to make improvements to the residence [after the scheduled closing date]:
> (a) They were dissatisfied with the quality of his work.
> (b) They wanted Mr. Walker to repurchase the residence, not drag them into other transactions involving third parties.
> (c) They requested a written description of Mr. Walker's plan and received no response.
>
> 15. Mr. Walker cited a number of oral proposals made to the Gierkes including consent to the renting of units, and his making improvements to the residence to make it more saleable. Introduced, however, was an April 20, 1995 letter from Mr. Walker that he did not want tenants in place when he purchased it.

Based on its findings of fact, and the application of those findings to the principles of contract law established by *Bronken's Good Time* and *Romain*, the District Court concluded that the Gierkes

8

"took reasonable and appropriate steps" to mitigate their damages. Additionally, the District Court determined that:

> Under these circumstances, it would have been foolhardy for Gierkes to undertake work on the residence or to rent it out. It would invite disaster to rent the defective premises to unsuspecting tenants. Given Mr. Walker's unsatisfactory performance in making repairs or coming up with the repurchase price, it was reasonable for the Gierkes not to want him on the premises. It was also reasonable for the Gierkes to be wary of promised deals with third parties connected with Mr. Walker.

After our review of the record, we conclude that there is substantial credible evidence to support the District Court's findings of fact. The District Court's findings of fact are not clearly erroneous, and its conclusions of law are correct. Accordingly, we hold that the District Court did not err when it concluded that the Gierkes "took reasonable and appropriate steps" to mitigate their damages.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
Justices

9