No. 92-144

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

MISSOURI-STONE CO.,
a Montana corporation,

Plaintiff and Respondent,

-vs-

BARBER SEED SERVICE, INC.,
a Montana corporation,

Defendant and Appellant.

FILED

DEC 18 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James A. Hubble, Christensen & Hubble, Stanford, Montana

For Respondent:

Katherine M. Irigoin, Habedank, Cumming, Best & Savage, Sidney, Montana

Submitted on Briefs: July 23, 1992

Decided: December 18, 1992

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Barber Seed Service, Inc. appeals from an order of the Seventh Judicial District, Richland County, denying its motion for change of venue. We affirm.

The only issue on appeal is whether the District Court erred in denying a motion for change of venue.

Appellant Barber Seed Service, Inc. (Barber) is a Montana corporation engaged in the business of buying and selling farm products; its principal place of business is in Fergus County, Montana. Respondent Missouri-Stone Co. (Missouri-Stone) is a Montana corporation engaged in the farming business, with its principal place of business in Richland County, Montana. The parties entered into a contract in March of 1991. Under the contract, Barber was to furnish squash seeds to Missouri-Stone. Missouri-Stone was to plant, grow, harvest, collect, pack and store the squash until called for delivery by Barber; it was then to deliver the squash to Barber. The contract price was 8½ cents per pound of squash. No place of delivery was specified. Missouri-Stone ultimately delivered squash to Barber's packing and grading plant in Billings, Montana.

Missouri-Stone brought an action in the Seventh Judicial District Court, Richland County, alleging that Barber had failed to pay it in accordance with the parties' contract. Barber filed a motion for change of venue to Fergus County, its principal place of business. The District Court denied the motion in orders dated January 22, 1992, and February 20, 1992, and this appeal followed.

2

Did the District Court err in denying Barber's motion for change of venue?

The District Court noted that the contract did not specify the place of performance and determined that the contract contained "an element of personal service" whereby Missouri-Stone undertook specifically to grow, harvest and store the crop. The court considered all of the obligations of the parties, determined under § 25-2-121(1)(b)(ii), MCA, that the principal activity of the contract occurred in Richland County and concluded that venue was proper in that county.

Montana's venue statute for contract actions is § 25-2-121, MCA. It provides generally that venue for contract actions is proper in either the county in which the defendant resides or the county in which the contract is to be performed. Section 25-2-121(1), MCA. Where no county is named as the place of performance of the contract, venue is proper in "the county in which, by necessary implication from the terms of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place." Section 25-2-121(1)(b)(ii), MCA. Subsections (a) through (d) of § 25-2-121(2), MCA, provide statutory venue determinations for certain contracts which do not specify a place of performance.

Barber contends that Fergus County and Yellowstone County are the only proper venues for this action. Fergus County is the county in which Barber resides under § 25-2-121(1)(a), MCA. Barber argues that the contract at issue is one for the sale of goods

3

pursuant to § 25-2-121(2)(a), MCA, and, therefore, that the proper venue under § 25-2-121(1)(b), MCA, is Yellowstone County--the county where possession of the goods was delivered. Thus, according to Barber, since the action was filed in an "improper" county, the court erred under § 25-2-201(1), MCA, in denying the motion for change of venue to Fergus County. We disagree.

Resolution of this dispute rests on a straightforward reading and application of Montana's contract venue statute. It is clear that, at the option of a plaintiff in a contract action, venue is proper in either the county in which the defendant resides or the county in which the contract is to be performed. Section 25-2-121(1), MCA. Therefore, it is clear that a proper venue for this action is Fergus County. The dispute before us centers on the place of performance. The parties agree that the contract does not specify a place of performance and, as a result, that place must be determined in accordance with § 25-2-121, MCA. The only question is whether § 25-2-121(2)(a), MCA, controls the determination, as appellant asserts.

If the contract belongs to one of the classes set forth in subsections (2)(a) through (d) of § 25-2-121, MCA, proper venue is determined by the statute itself. If, however, the contract does not fall into one of those classes, it is "subject to analysis under subsection (1)(b)(ii) [of § 25-2-121, MCA] to establish venue." Mont. Code Ann. § 25-2-121, Evidence Commission Recommendations for Revisions Annot. (1991), p. 27.

It is true, as appellant asserts, that a sale of harvested

4

squash by Missouri-Stone to Barber is an element of the contract. It is also true, as the District Court determined, that the contract involves services. These two elements of the contract coincide with subsections (2)(a) and (2)(b) of § 25-2-121, MCA. Thus, the contract does not fall into only one of the classes of contracts set forth in § 25-2-121(2), MCA, and the venue determination must be made pursuant to § 25-2-121(1)(b)(ii), MCA.

It is clear that most of the contract is to be performed in Richland County. That is where the squash seeds provided by Barber are planted, grown, harvested, stored and prepared for delivery by Missouri-Stone. The place of delivery is not specified in the contract but took place in Yellowstone County.

Schutz Foss Architects v. Campbell (1990), 243 Mont. 194, 793 P.2d 821, involved a contract for architectural services for the construction of a medical clinic. The architectural firm was located in Yellowstone County. The building was to be constructed in Broadwater County and the contract required the architect to visit the site during construction. As in the case before us, the contract did not specify a place of performance; the defendant urged that the contract was a construction contract under subsection (d) of § 25-2-121(2), MCA, and, therefore, that venue was where the construction was to occur. We determined that the contract was one for services to be performed principally at the offices of the architectural firm in Yellowstone County and concluded that the district court did not abuse its discretion in denying the motion for change of venue.

5

We reach a similar result here. The contract between Missouri-Stone and Barber does include a sale of goods; it is also, and primarily, a contract for services. Thus, § 25-2-121(2), MCA, is not applicable. The District Court did not err in concluding under § 25-2-121(1)(b)(ii), MCA, that the principal activity of the contract--the planting, growing, harvesting and storing of the squash--occurred in Richland County and, therefore, that Richland County is a proper venue for the contract action.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6

December 18, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


James A. Hubble
Christensen & Hubble
P.O. Box 556
Stanford, MT   59479

Katherine M. Irigoin
Habedank, Cumming, Best & Savage
P.O. Box 1250
Sidney, MT  59270


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy