JUSTICE WEBER
delivered the Opinion of the Court.
This is an appeal from the Twenty-First (formerly Fourth) Judicial District Court, Ravalli County, denying defendant’s motion for change of venue. We affirm.
We consider the following issue on appeal:
Did the District Court err in denying defendant’s motion for change of venue from Ravalli County to Butte-Silver Bow County?
Brett and Janet Depee (Depees) are residents of Stevensville in Ravalli County. In October of 1990, the Depees entered into an agreement with Better Homes of Montana (Better Homes) to purchase a 1983 Venture mobile home. The contract called for Better Homes to deliver, set up, block and level the mobile home at the Depees’ residence in Stevensville.
The contract for sale of the mobile home was conditioned on the approval of financing by Bitterroot Valley Bank (Bitterroot Bank). Bitterroot Bank is located in Lolo, Missoula County. First Citizen’s Bank of Butte (First Bank) held a lien upon the mobile home in *219 question. Upon agreement with Depees, Bitterroot Bank Vice President Rich Zins (Zins) contacted First Bank and asked if the First Bank would release its lien and, if so, where payment for the mobile home should be delivered. First Bank stated that the check from Bitterroot Bank should go directly to Better Homes and that the lien would be released in the normal course of business. Bitterroot Bank contends that it would not have loaned the money to the Depees unless the Bank had agreed to release the lien.
On or about October 19,1990, Bitterroot Bank sent Better Homes a check for the purchase price of the mobile home. The mobile home was subsequently delivered to the Depees and they moved into it in November of 1990. Subsequently, Better Homes went out of business. Following the mobile home’s delivery, First Bank attempted to have title issued to the mobile home based upon repossession. An affidavit of repossession was issued on June 4, 1991, stating that First Bank had actual possession of the mobile home. According to First Bank, Better Homes had been required to deliver a negotiable certificate of title on the mobile home to First Bank. When Better Homes paid the debt owed on the mobile home, First Bank would release the certificate of title.
Depees and Bitterroot Bank subsequently filed suit against First Bank regarding the encumbered title to the mobile home. The suit was filed in Ravalli County and contains charges of wrongful conversion, breach of agreement, breach of statutory duty to file a satisfaction of a chattel mortgage, wrongful repossession of the mobile home, breach of an obligation of good faith and fraud.
The Bank then filed a motion for change of venue to Butte-Silver Bow County where it maintains its principal place of business. A hearing was held on May 20, 1992, and on July 20, 1992, the court issued an order denying the Bank’s request for change of venue.
Did the District Court err in denying defendant’s motion for change of venue from Ravalli County to Butte-Silver Bow County?
First Bank argues that the general rule of law governing venue is that venue is proper in the county where the defendant resides. According to First Bank, none of the statutory exceptions to this general rule apply under the facts of this case: the tort claims and contract claims are not appropriate in Ravalli County. First Bank contends that the action is only proper in Butte-Silver Bow County, where First Bank has its principal place of business.
The Depees argue that if Ravalli County is a proper county, the court cannot change venue to another proper county. According to the *220 Depees, Ravalli County is appropriate because the underlying contract was to be performed in Ravalli County. Further, all torts alleged by the Depees spring from this contract and are so interrelated with it that Ravalli County is appropriate.
The record on appeal of venue is limited and contains only the complaint, an affidavit and the transcript of the venue hearing. The action revolves around two agreements, one of which is a written purchase agreement made between the Depees and Better Homes. The purchase agreement for the mobile home had a condition precedent. A condition precedent is a condition which must be met before the agreement becomes effective. Westmont Tractor Co. v. Viking Exploration, Inc. (D.C. Mont. 1982), 543 F.Supp. 1314. The purchase agreement states expressly that the sale is conditioned on the approval of financing by Bitterroot Valley Bank.
A second agreement exists within the facts of this case and that is the oral agreement between First Bank and Bitterroot Bank. In that agreement, First Bank agreed to release its lien on the Depees mobile home, which had been floor financed to Better Homes, when Better Homes paid the amount owed on the home. First Bank agreed in a telephone conversation that the lien would be released so that Bitter-root Bank could maintain the security interest on the mobile home. Bitterroot Bank officer, Zins, testified that he would not have loaned the $12,500 to the Depees unless First Bank agreed to release its lien.
Montana’s venue statute governing contract actions is § 25-2-121, MCA. This section of the code provides that venue for contract actions is proper in either the county in which the defendant resides or the county in which the contract is to be performed. Section 25-2-121(1), MCA. See also, Missouri-Stone v. Barber Seed (1992), [256 Mont. 66] 844 P.2d 112, 49 St. Rep. 1139. According to this statute, the county where the contract is to be performed, if no place is named, is the county in which, by necessary implication from the terms of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place. Section 25-2-121(1)(b)(ii), MCA. [Emphasis added.] The particular county must be clear from the express terms of the contract or by necessary implication from the contract terms. Berlin v. Boedecker (1989), 235 Mont. 443, 767 Mont. 349.
The first contract, the purchase agreement, does not specify where the goods are to be delivered. It states that the mobile home is to be delivered, set up, blocked and leveled by Better Homes personnel. The purchase agreement lists the Depees’ address in Ravalli County. *221 By “necessary implication” the county of principal activity is where the mobile home was to be set up, and in fact was set up.
The second agreement between First Bank and Bitterroot Bank would have Ravalli County as its place of principal activity also. Although First Bank officer Beck testified that had First Bank been paid for the mobile home, it would have released the title to the dealer, Better Homes, that title would have eventually been sent to Bitter-root Bank. That is particularly so since Better Homes went out of business shortly after the Depees bought the mobile home.
In addition, subsection (2)(a) of § 25-2-121, MCA, lists specifically that the proper county for contracts for the sale of property or goods is to be where the goods are to be delivered. The “goods” under the purchase contract were delivered, set up, blocked and leveled in Ravalli County. Ravalli County was obviously the county where the principal activity of both contracts, and the place where the “goods” from the first contract were delivered.
First Bank claims that it was not a party to the purchase agreement. Such argument is irrelevant. First Bank was a party to the second agreement and the principal place of activity on that agreement would have been Ravalli County.
The Depees do not have a cause of action outside of the purchase agreement. Every claim, every activity at issue by all four parties, stems from this purchase agreement. Even the tort claims, which the Bank argues were not founded in this initial contract, are directly tied to the initial purchase agreement or the agreement between First Bank and Bitterroot Bank. Our statutes provide that where tort claims are so interrelated with the contract action, the site of venue which is appropriate for the contract action is appropriate for the tort claims also. Section 25-2-122, MCA.
We conclude that under both contracts at issue in this case, Ravalli County is proper venue. Therefore, a change of venue is not proper under Montana’s venue statutes because the plaintiffs filed in a proper county. We hold that the District Court did not err in concluding that Ravalli County was a proper county for venue and in denying the Bank’s motion for change of venue.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES HUNT and HARRISON concur.