No. 00-838

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 162

TRACTOR & EQUIPMENT CO.,

Plaintiff/Appellant,

v.

ZERBE BROTHERS, a Montana

Corporation,

Defendant/Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert L. Sterup, Dorsey & Whitney, Billings, Montana

For Respondent:

Robert Hurley, Glasgow, Montana

Submitted on Briefs: April 12, 2001
Decided: August 14, 2001

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Tractor & Equipment Co. (T&E) filed a declaratory judgment in Yellowstone County, seeking to terminate a "Consignment and Sales Agreement" with Zerbe Brothers (Zerbe). Zerbe filed a Motion for Change of Venue to Valley County. The Thirteenth Judicial District Court granted the motion for change of venue. T&E appeals. We affirm.

## ISSUE

¶2 The only issue on appeal is whether the District Court correctly granted Zerbe's motion for change of venue.

## FACTUAL BACKGROUND

¶3 In 1997, T&E and Zerbe entered into a "Consignment and Sales Agreement" (Agreement) whereby Zerbe accepted on consignment for distribution certain Caterpillar parts and equipment. The Agreement contained a provision allowing T&E the right to terminate the Agreement for any reason at any time with 30 days notice. In 1999, citing a change in business circumstances, T&E exercised this provision. Zerbe allegedly declined to honor the termination. T&E then filed a declaratory judgment in Yellowstone County. Zerbe moved to change venue to Valley County. The District Court held a telephonic hearing on Zerbe's motion on October 31, 2000. On November 3, 2000, the court granted the motion. T&E appeals. We affirm.

## STANDARD OF REVIEW

¶4 Whether a county is a proper place for trial is a question of law involving the application of the venue statutes to pleaded facts. *Sprinkle v. Burton* (1996), 280 Mont. 358, 361, 935 P.2d 1094, 1096 (citing *State v. Pegasus Gold Corp.* (1995), 270 Mont. 32, 35, 889 P.2d 1197, 1199; *Minervino v. University of Montana* (1993), 258 Mont. 493, 497,

853 P.2d 1242, 1245). Accordingly, our review of a district court's grant or denial of a motion for change of venue is plenary; we determine whether the court's ruling was legally correct. *Sprinkle*, 280 Mont. at 361, 935 P.2d at 1096 (citing *Pegasus Gold Corp*., 889 P.2d at 1199; *Carter v. Nye* (1994), 266 Mont. 226, 228, 879 P.2d 729, 730). See also *Emery v. Federated Foods, Inc.* (1993), 262 Mont. 83, 87, 863 P.2d 426, 429.

## DISCUSSION

¶5 T&E maintains that because this dispute arises out of a contract, proper venue is determined by application of the "contract" venue statute, § 25-2-121, MCA. T&E contends that the Agreement is for the "sale of goods," and therefore urges us to apply subsection 2(a) of § 25-2-121, MCA, which provides that, where the contract is for the sale of goods, venue is proper in the county where possession of the goods is to be delivered. T&E maintains that possession of the goods took place in Yellowstone County, and therefore argues that Yellowstone County is a proper county in which to bring this action. This being so, T&E argues, the District Court had no authority to change venue, citing § 25-2-115, MCA.

¶6 Zerbe argues that under the "residence of defendant" venue statute, § 25-2-118(1), MCA, venue is proper in its county of residence, Valley County. Zerbe maintains that the "contract" venue statute applies here as well, but argues for the application of a different subsection than T&E does.

¶7 Because § 25-2-121, MCA, is multifaceted and somewhat complex, we set it forth here in its entirety.

25-2-121. Contracts

(1) The proper place of trial for actions upon contracts is either:

(a) the county in which the defendants, or any of them, reside at the commencement of the action; or

(b) the county in which the contract was to be performed. The county in which the contract was to be performed is:

(i) the county named in the contract as the place of performance; or

(ii) if no county is named in the contract as the place of performance, the county in which, by necessary implication from the terms of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place.

(2) Subsections (2)(a) through (2)(d) do not constitute a complete list of classes of contracts; if, however, a contract belongs to one of the following classes, the proper county for such a contract for the purposes of subsection (1)(b)(ii) is:

(a) contracts for the sale of property or goods: the county where possession of the property or goods is to be delivered;

(b) contracts of employment or for the performance of services: the county where the labor or services are to be performed;

(c) contracts of indemnity or insurance: the county where the loss or injury occurred or where a judgment is obtained against the assured or indemnitee or where payment is to be made by the insurer;

(d) contracts for construction or repair: the county where the object to be constructed or repaired is situated or is to be built.

¶8 As this is a contract action, the District Court correctly applied the "contract" venue statute. While § 25-2-121(1)(a), MCA, incorporates the "basic residence of defendant rule" codified in § 25-2-118(1), MCA, other sections of the statute are intended to offer venue alternatives in a contract action.

¶9 As explained in the Evidence Commission's 1985 Recommendations for Revisions for § 25-2-121, MCA:

The original intent of the "contract exception" to the general rule placing venue at the residence of the defendant was to permit an alternative place of trial. The plaintiff could, if he chose, elect to file his action in the county where the contract was to be performed rather than at defendant's residence.

¶10 We have previously held that if a contract is to be performed in a county other than the county of defendant's residence, then the plaintiff has his choice of the two counties in

which to sue. He may sue in the county where defendant resides or in the county where the contract is to be performed. *Brown v. First Federal Sav. & L Ass'n of Great Falls* (1964), 144 Mont. 149, 394 P.2d 1017, overruled on other grounds by *Estate of Strever v. Cline* (1996), 278 Mont. 165, 924 P.2d 666. See also *Missouri-Stone Co. v. Barber Seed Service, Inc*. (1992), 256 Mont. 66, 844 P.2d 112; *Depee v. First Citizen's Bank of Butte* (1993), 258 Mont. 217, 852 P.2d 592; *Letford v. Kraus* (1983), 206 Mont. 493, 672 P.2d 265.

¶11 While the District Court correctly applied § 25-2-121, MCA, to determine venue for this contract dispute, the question remains whether the District Court applied the correct subsection of the statute. T&E maintains that the Agreement is a contract for the sale of goods **only** and therefore venue is appropriate in the county where possession of the goods under the Agreement is to be delivered, in accordance with § 25-2-121(2)(a), MCA, (Yellowstone County). Zerbe maintains that it is a contract for the sale of goods **and** the performance of services, and therefore venue is appropriate in the county where the principal activity under the Agreement was to take place, in accordance with § 25-2-121(1)(b)(ii), MCA, (Valley County).

¶12 The District Court reviewed the Agreement, identified contractual language describing certain "services" to be performed by Zerbe, and concluded that the Agreement was both for the sale of goods and the performance of services. Citing *Missouri-Stone*, 256 Mont. at 68, 844 P.2d at 114, the court concluded that because the Agreement was both for the sale of goods and the performance of services, subsection (2)(a) was inapplicable and subsection (1)(b)(ii) was the appropriate subsection upon which to establish venue. In *Missouri-Stone,* this Court explained, "If the contract belongs to *one* of the classes set forth in subsections (2)(a) through (2)(d) of § 25-2-121, MCA, proper venue is determined by the statute itself. If, however, the contract does not fall into *one* of those classes, it is 'subject to analysis under subsection (1)(b)(ii) . . . to establish venue.'" *Missouri-Stone Co*., 256 Mont. at 68, 844 P.2d at 114.

¶13 The District Court, applying *Missouri-Stone,* held that proper venue could not be determined under § 25-2-121(2)(a), MCA, but must be determined under § 25-2-121(1)(b)(ii), i.e., MCA, where the principal activity under the Agreement was to take place. The court examined all the obligations required of the parties at the time of the Agreement's execution and concluded that the principal place of activity was Valley County. It noted that while Zerbe sent requests for goods to T&E in Yellowstone County, Zerbe performed services, and kept and sold the consigned goods in Valley County. Moreover, under the Agreement, Zerbe was precluded from doing any of these things in Yellowstone County.

Therefore, applying § 25-2-121(1), MCA, the court concluded that the principal activity under the contract took place in Valley County, and that venue was proper in either the county where the defendant resided, which is Valley County, or where the principal place of activity occurred, which is also Valley County. Based upon its findings, the District Court was legally correct in granting the motion for change of venue.

¶14 The decision of the District Court is therefore affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER