No. 02-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 328

TIMOTHY J. WHALEN d/b/a WHALEN & WHALEN,

Plaintiff and Appellant,

v.

MONTANA RIGHT TO LIFE ASSOCIATION,
a Montana Corporation,

Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Timothy J. Whalen, Whalen & Whalen, Billings, Montana

For Respondent:

Kenneth H. Gray, Attorney at Law, Helena, Montana

Submitted on Briefs:  September 26, 2002

Decided:  December 19, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant Timothy J. Whalen filed a complaint against Respondent Montana Right to Life Association (MRTL) in the Thirteenth Judicial District Court, Yellowstone County. MRTL responded by filing a motion to dismiss Whalen's complaint, which the District Court treated as a motion for change of venue. The District Court granted MRTL's motion, and transferred the case from Yellowstone County, Montana, to Lewis and Clark County, Montana. Whalen appeals the District Court's transfer of venue. We remand for a determination of where, under the terms of the employment contracts, Whalen's services were to be performed.

¶2 We restate the sole issue on appeal as follows:

¶3 Did the District Court err in transferring venue to Lewis and Clark County?

**BACKGROUND**

¶4 In July of 1995, MRTL hired attorney Timothy J. Whalen to perform legal services related to certain litigation. Then, at an executive board meeting on February 27, 1996, MRTL again hired Whalen to represent it against the Montana Christian Coalition in connection with the alleged theft of its mail list and other property. As a result of Whalen's duties as legal counsel for MRTL, the parties entered into two employment contracts. On January 31, 1997, Whalen submitted an invoice to MRTL, requesting payment on the outstanding costs and fees of his legal services in the various matters. MRTL, however, terminated Whalen on February 22, 1997, and refused to make any payments on the invoice.

2

¶5 On January 23, 2002, Whalen filed a complaint requesting payment from MRTL on an outstanding balance of $21,618.96. MRTL filed a motion to dismiss Whalen's complaint on February 13, 2002. The District Court treated MRTL's motion to dismiss as a motion for change of venue, and transferred the case from Yellowstone County to Lewis and Clark County on March 18, 2002. On March 27, 2002, Whalen appealed the District Court's transfer of venue.

## STANDARD OF REVIEW

¶6 Our review of a district court's grant or denial of a motion for change of venue is plenary; we simply determine whether the court's ruling was legally correct. *Lockhead v. Weinstein*, 2001 MT 132, ¶ 5, 305 Mont. 438, ¶ 5, 28 P.3d 1081, ¶ 5.

## DISCUSSION

¶7 Did the District Court err in transferring venue to Lewis and Clark County?

¶8 On appeal, Whalen contends that the District Court improperly transferred venue in this case from Yellowstone County to Lewis and Clark County. In making its determination, the District Court examined § 25-2-118(1), MCA, which addresses the issue of venue. Section 25-2-118(1), MCA, provides, in pertinent part, that: "the proper place of trial for all civil actions is the county in which the defendants or any of them reside at the commencement of the action." The District Court also examined § 25-2-121, MCA, which dictates the proper venue for actions based upon a contract. Section 25-2-121, MCA, provides, in pertinent part:

(1) The proper place of trial for actions upon contracts is either:

3

(a) the county in which the defendants, or any of them, reside at the commencement of the action; or

(b) the county in which the contract was to be performed.

¶9 This Court has repeatedly held that "when a general statute and a specific statute are inconsistent, the specific statute governs, so that a specific legislative directive will control over an inconsistent general provision." *Gibson v. State Comp. Mut. Ins. Fund* (1992), 255 Mont. 393, 396, 842 P.2d 338, 340. We mention this principle because while § 25-2-118(1), MCA, and § 25-2-121, MCA, are not completely inconsistent with one another, the two statutes need reconciliation in the instant case. Therefore, because § 25-2-118(1), MCA, is a general statute addressing venue in civil cases, and § 25-2-121, MCA, is a statute specifically addressing venue in contracts cases, the latter is the controlling statute in the case at bar.

¶10 The District Court noted that MRTL resides, or has its principle place of business, in Lewis and Clark County. This fact was undisputed by the parties to this case. As such, the District Court concluded that, pursuant to subsection (a) of § 25-2-121(1), MCA, the proper venue for this case was Lewis and Clark County.

¶11 However, the District Court failed to consider subsection (b) of § 25-2-121(1), MCA. Section 25-2-121(1), MCA, dictates that the proper venue for actions upon contracts is: (a) the county in which the defendants reside at the commencement of the action; **or** (b) the county in which the contract was to be performed. That is, § 25-2-121(1), MCA, provides two proper venues for actions based upon a contract. Furthermore, in *Missouri-Stone v. Barber Seed Service* (1992), 256 Mont. 66, 68, 844 P.2d 112, 113-14, we held that: "It is clear that, at the option of a plaintiff in a contract action, venue is proper in either the county

4

in which the defendant resides or the county in which the contract is to be performed." *See also Tractor & Equip. Co. v. Zerbe Bros.*, 2001 MT 162, ¶ 10, 306 Mont. 111, ¶ 10, 32 P.3d 721, ¶ 10. Consequently, Whalen had the option to file his complaint in either Lewis and Clark County, where MRTL resides, or in the county where the contracts were to be performed.

¶12 MRTL concedes that a portion of Whalen's work was completed at his office in Yellowstone County. However, MRTL asserts that the proper place of performance on the contracts was Lewis and Clark County, as the bulk of Whalen's work for MRTL required his presence in Lewis and Clark County. Whalen counters that all of an attorney's work, with the exception of physical appearances in court, is performed in his or her office. As such, Whalen alleges that the proper place of performance in this case was Yellowstone County.

¶13 Section 25-2-121, MCA, addresses this issue. Section 25-2-121, MCA, provides, in pertinent part:

> (1) The proper place of trial for actions upon contracts is either:
>
>> (a) the county in which the defendants, or any of them, reside at the commencement of the action; or
>>
>> (b) the county in which the contract was to be performed. **The county in which the contract was to be performed is**:
>>
>>> (i) the county named in the contract as the place of performance; or
>>>
>>> (ii) if no county is named in the contract as the place of performance, the county in which, by necessary implication from the terms of the contract, considering all of the obligations of all parties at the time of its execution, the principle activity was to take place.

5

(2) Subsections (2)(a) through (2)(d) do not constitute a compete list of classes of contracts; if, however, a contract belongs to one of the following classes, the proper county for such a contract for the purposes of subsection (1)(b)(ii) is:

(b) **contracts of employment or for the performance of services: the county where the labor or services are to be performed**. [emphasis added.]

¶14 The record before this Court does not include any written contracts for legal services made between Whalen and MRTL. Therefore, we cannot determine the proper place of performance on the contracts. Accordingly, we remand this case to the District Court to make that determination. If there were written contracts between Whalen and MRTL that name a specific place of performance, then venue is proper in either the county named, or in Lewis and Clark County, where MRTL resides. Section 25-2-121, MCA. However, if there were no written contracts, or if the contracts are silent as to the place of performance, then venue is proper in either the county where Whalen's services were to be performed, or in Lewis and Clark County, where MRTL resides. Section 25-2-121, MCA.

¶15 For the foregoing reasons, we remand this case to the District Court for proceedings consistent with this Opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON

6