No. 04-076

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 319N

TIMOTHY J. WHALEN, d/b/a WHALEN & WHALEN,

        Plaintiff and Respondent,

   v.

MONTANA RIGHT TO LIFE ASSOCIATION,
a Montana Corporation,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and for the County of Yellowstone, Cause No. DV 2002-0061,
                    The Honorable Gregory R. Todd, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Palmer A. Hoovestal, Hoovestal, Kakuk & Fanning, Helena, Montana

        For Respondent:

        Timothy J. Whalen, Whalen & Whalen, Billings, Montana


                Submitted on Briefs:  July 28, 2004

                           Decided:  November 16, 2004

Filed:

_____
                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Respondent Timothy J. Whalen (Whalen) filed a complaint against Appellant Montana Right to Life Association (MRTL) in the Thirteenth Judicial District Court, Yellowstone County. MRTL responded by filing a motion to dismiss Whalen's complaint, which the District Court treated as a motion for change of venue. The District Court granted MRTL's motion, and transferred the case from Yellowstone County, Montana, to Lewis and Clark County, Montana. Whalen appealed the District Court's transfer of venue. We remanded for a determination of where, under the terms of the employment agreements, Whalen's services were to be performed. On remand, the District Court ultimately concluded Yellowstone County was the proper venue.

¶3 MRTL now appeals from the Memorandum and Order entered by the Thirteenth Judicial District Court, Yellowstone County, granting Whalen's cross-motion for summary judgment and awarding accounts stated. We affirm.

¶4 The sole issue on appeal is whether the District Court erred in granting Whalen's cross-motion for summary judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

¶5      This is the second appeal to come before this Court in this matter.  The current issue on appeal is distinct from our first holding in *Whalen v. Montana Right to Life Association*, 2002 MT 328, 313 Mont. 204, 60 P.3d 972 (*Whalen I*).  Most of the relevant facts are set forth in *Whalen I*.  To summarize, MRTL, acting through its then executive director, Dick Tappe (Tappe), entered into an oral agreement with Whalen in July 1995 for legal representation in matters that were pending before the Montana Legislature.  Whalen billed MRTL for his fees and costs incurred as part of his representation and received partial payment for such services.  Whalen again entered into an oral agreement with MRTL and its affiliate Yellowstone County Right to Life in February 1996 to represent them in proceedings against the Christian Coalition of Montana.  Whalen again billed MRTL for his fees and costs incurred during his representation and again received partial payment for his services.

¶6      On January 30, 1997, MRTL, acting through its president, Julie Daffin, sent a letter to Whalen requesting a complete billing record regarding the legislative action and the Christian Coalition representation.  The contents of the letter read:

> Please furnish the Montana Right to Life Association with a complete billing record regarding the Christian Coalition litigation and the protection of the greater Yellowstone Right to Life's property that you were also authorized to act upon.  Also a complete billing record regarding the legislative litigation of Montana Right to Life is requested.
>
> Also enclose a complete record of payments made to you by the Montana Right to Life Association regarding the Christian Coalition litigation and a complete record of the payments made to you regarding the legislative litigation.

3

In response to Daffin's letter, Whalen sent two statements to MRTL, both dated January 31, 1997, citing a balance owing of $21,618.96 for legal services. In response to Whalen's accounting, MRTL sent a letter dated February 5, 1997, advising Whalen to cease generating any further legal services on its behalf. In its letter, MRTL stated it was "shocked" at the amounts Whalen was billing for legal services. MRTL did not dispute the amounts owed. MRTL terminated Whalen's services in a letter dated February 22, 1997.

¶7 On January 23, 2002, Whalen filed a complaint in Yellowstone County requesting payment from MRTL on an outstanding balance of $21,618.96 plus interest. Subsequent to our remand in *Whalen I*, MRTL filed a motion for summary judgment. The basis for its motion was the statute of limitations found in § 27-2-202(2), MCA, barred Whalen's claims for services occurring more than five years prior to the filing of his January 23, 2002, complaint. According to MRTL, any amount owing for work performed under the oral agreements prior to January 23, 1997, was time barred. MRTL filed no affidavits in support of its motion.

¶8 On July 2, 2003, Whalen filed a cross-motion for summary judgment. The basis for his motion was the January 31, 1997, billings constituted "accounts stated" to which MRTL never objected, thus, the five-year statute of limitations did not begin to run until the date the accounts were stated on January 31, 1997. Whalen filed an affidavit and correspondence in support of his motion. To reiterate, Whalen claimed the period of limitations commenced on January 31, 1997, when a final demand for payment was made. MRTL maintained the statute barred any claims for services rendered prior to January 23, 1997, five years prior to the date Whalen filed his complaint.

4

¶9 On September 3, 2003, the District Court held a hearing on the parties' pending motions for summary judgment. The attorneys for both parties presented their arguments for and against the validity of Whalen's accounts stated and the appropriate statute of limitations. Although neither party presented testimony, MRTL entered an affidavit at the hearing, over Whalen's objections, disputing the validity of Whalen's accounts.

¶10 On October 20, 2003, the District Court granted Whalen's cross-motion for summary judgment and awarded him the accounts stated plus interest. The court determined no issues of material fact existed in the case and decreed the amounts listed in Whalen's complaint were due and owing, that they were properly accounts stated on January 31, 1997, as contemplated by statutory and common law and thus were not time barred by the five-year statute of limitations.

¶11 The District Court held a hearing on damages on December 10, 2003, and judgment in the amount of $36,604.23 was entered on the same day. MRTL appeals the District Court's order granting Whalen summary judgment and the denial of MRTL's motion for summary judgment. We affirm.

**STANDARD OF REVIEW**

¶12 Our standard of reviewing a district court's summary judgment ruling is *de novo*; we use the same Rule 56, M.R.Civ.P., criteria as the district court. *Clark v. Eagle Systems* (1996), 279 Mont. 279, 283, 927 P.2d 995, 997 (citations omitted). Rule 56(c), M.R.Civ.P., provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law. Summary judgment is an extreme remedy which should never be substituted for a trial if a material factual controversy exists. *Clark*, 279 Mont. at 283, 927 P.2d at 997 (citations omitted).

¶13    The party seeking summary judgment must establish, in light of the pleadings and other evidence before the court, the absence of any genuine issue of material fact which would allow the nonmoving party to recover. *Clark*, 279 Mont. at 283, 927 P.2d at 997-98 (citations omitted). If the party seeking summary judgment meets this burden, the nonmoving party must come forward with substantial and material evidence raising a genuine issue of material fact. *Clark*, 279 Mont. at 283, 927 P.2d at 998 (citations omitted). "[A]ll reasonable inferences that might be drawn from the offered evidence should be drawn in favor of the party who opposed summary judgment." *Clark*, 279 Mont. at 284, 927 P.2d at 998 (citations omitted).

## DISCUSSION

¶14    **Did the District Court err in granting Whalen's cross-motion for summary judgment?**

¶15    MRTL argues Whalen did not establish the absence of genuine issues of material fact regarding his attorney fees. MRTL contends Whalen presented no testimony or other evidence establishing his claim was not barred by the statute of limitations, that the billings constituted "accounts stated" or that MRTL owed the amount set forth in Whalen's billings. MRTL asserts genuine issues of material fact in regards to the amounts owing remain for trial, precluding summary judgment for Whalen.

6

¶16 Whalen contends he established the absence of material fact on the threshold issue of the accounts stated. Whalen's complaint alleged MRTL owed him $21,618.96, plus interest, as reflected in invoices billed to MRTL for his representation. Whalen's complaint also alleged he stated the balance due and owing on January 31, 1997. Whalen submitted an affidavit supporting his claims, including correspondence with Daffin and the January 31, 1997, billing invoices. The affidavit stated he entered into an oral agreement with MRTL's then executive director Tappe for legal representation in matters that were pending before the Legislature and courts between the years 1995 and 1997. Whalen stated he dealt exclusively with Tappe, billing MRTL for his fees and costs incurred as part of his representation and receiving partial payment for such services.

¶17 Both parties agree the fee agreement was oral in nature, executed between Whalen and Tappe, and partial payments were submitted to Whalen for his services. Further, Whalen stated Daffin wrote him on January 30, 1997, requesting a billing statement regarding his representation. Whalen immediately responded to the request the next day by sending a billing summary. The billing summary is in accord with the amounts prayed for in Whalen's complaint and MRTL never objected to Whalen about the amounts in the summary. The only objection registered was Daffin's affidavit submitted at the summary judgment hearing.

¶18 Whalen asserts the two billing statements, dated January 31, 1997, requested by Daffin were a request for an updated summary of the amounts owed. An account stated is created when "parties have been engaged in the course of dealing and there is an antecedent debt in favor of one against the other, and an account or bill . . . is rendered by the creditor

7

to the debtor, who retains the same for an unreasonable length of time without objection. [T]his is evidence of his assent to the correctness of the account, and, accordingly, is an account stated." See *Ohanlon Co. v. Jess* (1920), 58 Mont. 415, 418, 193 P.2d 65, 66. Whalen maintains that his course of dealing with the respondent is in accord with the definition of an account stated. He argues the respondent never disputed or objected to his bills and made partial payments on them.

¶19 Whalen further argues pursuant to § 27-2-301, MCA, "[w]here a right exists but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the demand is made . . . .," he made a proper demand. Whalen asserts by stating the account on January 31, 1997, he created a demand that the account be paid. Further, Whalen urges the lack of any objection by MRTL resulted in an acquiescence to pay the balance.

¶20 MRTL contends it presented the District Court with appropriate documentation to establish genuine issues of fact exist, pointing to Daffin's January 30, 1997, letter. MRTL asserts the correspondence between Daffin and Whalen constituted a billing inquiry only and not an agreement of accounts stated and thus, the statute of limitations began to run five years prior to Whalen's January 23, 2002, complaint. Further, MRTL maintains the District Court ignored Daffin's affidavit testimony that she never agreed to pay any amounts billed by Whalen on behalf of MRTL and points to its refusal to pay Whalen's invoices as evidence of its objections.

¶21 Rule 56(c), M.R.Civ.P., authorizes summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

8

that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."

¶22 We conclude the District Court properly entered summary judgment in favor of Whalen. Whalen's complaint, affidavit and correspondence established MRTL did not contest his bills for services when presented. Daffin's letter of January 30, 1997, simply requested a complete billing record regarding the various services Whalen provided. When Whalen responded to the request by providing his billing summary on January 31, 1997, there was no specific objection by MRTL as to the amounts until almost five years later when Daffin filed her eleventh hour affidavit at the summary judgment hearing. Moreover, the parties had engaged in a course of dealing for nearly 20 months during which Whalen submitted statements of the amounts due and owing on MRTL's account and received partial payment on those accounts.

¶23 We conclude the District Court was correct when it determined Whalen's January 31, 1997, invoice constituted the amount stated. His invoice of January 31, 1997, further served as the demand necessary to trigger the commencement of the statute of limitations. Section 27-2-301, MCA. Since Whalen filed this action on January 23, 2002, he was within the five-year period of limitations. Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER

9

/S/ W. WILLIAM LEAPHART