No. 03-373

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 66

REBECCA MEYER, as Personal Representative
of the Estate of Orval Meyer, Deceased,

Plaintiff and Respondent,

v.

THE MONTANA POWER COMPANY, L.L.C., and
its successor in interests NORTHWESTERN
ENERGY, L.L.C., Montana corporations; THE
CITY OF HELENA, a political subdivision of the
State of Montana; and JOHN DOES I through X,

Defendants and Appellants.

APPEAL FROM:   District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DV 2002-172,
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Stephen M. Frankino, Hughes, Kellner, Sullivan & Alke,
Helena, Montana (City of Helena)

For Respondent:

Francis C. Burgess, Attorney at Law, Butte, Montana (Meyer)

James P. Harrington, Attorney at Law, Butte, Montana (Meyer)

W. Wayne Harper, Attorney at Law, Butte, Montana (Power Co.)

Submitted on Briefs:  September 11, 2003

Decided:  March 22, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 The City of Helena (City) appeals the order of the Second Judicial District Court, Silver Bow County, denying its motion for change of venue to Lewis and Clark County. We affirm.

¶2 We address the following issue on appeal:

¶3 Did the District Court err by denying the City's motion for change of venue?

BACKGROUND

¶4 According to the pleadings, on July 13, 1999, a City bus struck an overhead gas heater in the Helena bus barn, separating a gas line. The following morning, the Plaintiff's decedent, City Bus Manager Orval Meyer, activated the electric garage door opener which caused gas fumes to explode. Mr. Meyer survived for a time. He was treated at St. Peter's Community Hospital in Helena and then transferred out of state, where he died two days later.

¶5 Defendant City is located in Lewis and Clark County and is a political subdivision of the State of Montana. Defendant Montana Power Company (Montana Power) was a Montana corporation, and its successor, Northwestern Energy, LLC (Northwestern), is a Montana limited liability company with its principal place of business in Silver Bow County.

¶6 Plaintiff Rebecca Meyer, Personal Representative of Orval Meyer's estate (Meyer), filed a survivorship/wrongful-death action against the Defendants in Silver Bow County on

July 11, 2002.  The City filed a motion for change of venue to Lewis and Clark County, which was denied.  This appeal followed.[1]

## STANDARD OF REVIEW

¶7      Whether a county is a proper place for trial is a question of law involving the application of the venue statutes to pleaded facts.  *State v. Pegasus Gold Corp.* (1995), 270 Mont. 32, 35, 889 P.2d 1197, 1199 (citation omitted).  Thus, our review of the trial court's grant or denial of a motion for change of venue is plenary; we simply determine whether the court's ruling was legally correct.  *Pegasus*, 270 Mont. at 35, 889 P.2d at 1199.  *See also Gabriel v. School Dist. No. 4, Libby* (1994), 264 Mont. 177, 179, 870 P.2d 1351, 1352; *Emery v. Federated Foods, Inc.* (1993), 262 Mont. 83, 87, 863 P.2d 426, 429.

## DISCUSSION

¶8      ***Did the District Court err by denying the City's motion for change of venue?***

¶9      The City first argues that two of this Court's previous decisions, *Gabriel* and *Wentz v. Montana Power Co.* (1996), 280 Mont. 14, 928 P.2d 237, have established that the proper venue for trial of a combined survivorship/wrongful-death action is either the county in which the survivorship claim arose, or the county in which the wrongful-death claim arose.

---

[1]Following the filing of the appeal and submission for decision, Montana Power initiated a bankruptcy proceeding under 11 U.S.C. Chapter 11 in the United States Bankruptcy Court for the District of Delaware.  This matter was then stayed until subsequent orders of the United States Bankruptcy Court and United States District Court withdrew the matter from the bankruptcy proceeding and returned it to the state courts.

Pursuant thereto, the City argues that because neither claim arose in Silver Bow County, it is not a proper venue for trial of this matter.

¶10     In *Gabriel,* the school district, a political subdivision, was the sole defendant in the plaintiff's survivorship/wrongful-death suit. The plaintiff's decedent, Richard J. Sasse, fell from a school roof in Libby, Lincoln County, while working on a construction project for the school district. He was transported to a hospital in Flathead County where he died of his injuries. The plaintiff later filed her complaint against the school district in Flathead County. The school district moved for change of venue to Lincoln County. On the grounds that the events surrounding the injury occurred there, the survivorship claim arose there, and the school district, a political subdivision, was located there, the district court granted the motion. The district court ruled that Lincoln County was the proper place of trial under § 25-2-126(3), MCA (now § 25-2-126(2), MCA), which provided that the "proper place of trial for an action against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located."

¶11     We acknowledged that Lincoln County was a proper venue for the action pursuant to § 25-2-126(3), MCA, because defendant school district was located there. Noting, however, that venue for the combined survivorship/wrongful-death action would lie either where the survivorship claim arose or where the wrongful-death claim arose, we concluded that Flathead County was also a proper venue for the action, because the decedent had died there. *Gabriel*, 264 Mont. at 179, 181, 870 P.2d at 1352, 1353. Thus, we held that the district court had erred in granting the school district's motion to change the venue to Lincoln County

4

because "if a plaintiff files in *one* county where venue is proper, no motion for change of venue can be granted." *Gabriel*, 264 Mont. at 179, 870 P.2d at 1352 (citations omitted) (emphasis in original). The principle that venue for a combined survivorship/wrongful-death action "can be determined on the basis of either the survivorship action or the wrongful death action" was reiterated in *Wentz*. *Wentz*, 280 Mont. at 22, 928 P.2d at 242.

¶12    Although in both *Gabriel* and *Wentz* we approved such counties as proper venues for the trial of a survivorship/wrongful-death action, in neither case did we hold that these counties were the exclusive venue options provided by the venue statutes for survivorship/wrongful-death actions. In both cases, we simply determined that the counties in which the respective plaintiffs had filed their actions were proper venues under the statutes. Thus, *Gabriel* and *Wentz* did not set forth an exclusive venue rule for survivorship/wrongful-death actions which is determinative of the issue here.

¶13    Meyer asserts that Silver Bow County is also a proper venue for her claim against the City pursuant to § 25-2-117, MCA, which provides that "[i]f there are two or more defendants in an action, a county that is a proper place of trial for any defendant is proper for all defendants . . . ." It is not disputed that the residence of Defendant Northwestern is Silver Bow County, its principal place of business. *See Mapston v. Joint School Dist. No. 8* (1987), 227 Mont. 521, 523, 740 P.2d 676, 677 ("A corporation in Montana has only one residence. That residence is the county in which it has it's [sic] principal place of business"). Because the "proper place of trial for a tort action is . . . the county in which the defendants or any of them reside at the commencement of the action," § 25-2-122(1)(a), MCA, Meyer

5

argues that venue for her tort claim against Northwestern lies in Silver Bow County, where Northwestern resides, and, pursuant to § 25-2-117, MCA, her claim against co-defendant City also properly lies there.

¶14    The City acknowledges the application of § 25-2-117, MCA, to cases involving multiple defendants that include a political subdivision, a principle we stated in *Weiss by and through Weiss v. State* (1986), 219 Mont. 447, 450, 712 P.2d 1315, 1317, but argues that because § 25-2-126(2),[2] MCA (venue for actions against political subdivisions), is more specific than § 25-2-122, MCA (venue for tort actions), it is entitled to application of the political subdivision provisions of § 25-2-126(2), MCA, which would require a change of venue to Lewis and Clark County.  In support of this argument, the City cites *Whalen v. Montana Right to Life Assoc.,* 2002 MT 328, 313 Mont. 204, 60 P.3d 972, in which we applied, in the context of the venue statutes, the rule of statutory construction that a more specific statute prevails over a general one.  *Whalen*, ¶ 9.  The City argues that *Weiss* did not consider this argument and, thus, a different outcome is required here by virtue of this rule of statutory construction.

¶15    In *Whalen*, a contract case, we reasoned that § 25-2-121, MCA, the venue statute for contract actions, more specifically addressed the facts pled therein than § 25-2-118(1), MCA, the venue statute for all civil actions, and, accordingly, we applied § 25-2-121, MCA.

---

[2]When Meyer's cause of action accrued, the present § 25-2-126(2), MCA, was numbered § 25-2-126(3), MCA.  What was then § 25-2-126(2), MCA, was repealed in 1999. *See* Sec. 1, Ch. 128, L. 1999.  We use the current citation in this opinion.

*Whalen*, ¶¶ 8-9.  However, the venue statutes involved in this case do not address subject matter that can be compared to determine specificity in the way we compared the statutes at issue in *Whalen*.  There, we could reason that all contract actions are civil actions, but not all civil actions sound in contract, and so it was clear that § 25-2-121, MCA, addressed contract actions more specifically than § 25-2-118(1), MCA.  The subject matter of those two statutes was thus comparable, and allowed us to determine specificity, because both based their designation of venue on the same variable–the type of claim.  By contrast, the statutes at issue here, §§ 25-2-126(2) and 25-2-122, MCA, base their respective venue designations upon different variables:  § 25-2-126(2), MCA, addresses a particular type of defendant, but no specific type of claim; § 25-2-122, MCA, addresses a specific type of claim, but no particular type of defendant.  For this purpose, therefore, it cannot be said that either § 25-2-126(2), MCA, or § 25-2-122, MCA, is more specific than the other.  We thus conclude that the reasoning of *Whalen* is not applicable here.

¶16     The precise question before us is whether § 25-2-126(2), MCA (venue for actions against political subdivisions), prevails over § 25-2-122(1)(a), MCA (venue for tort actions) in a multiple defendant case, where one defendant is a political subdivision and another defendant is a private entity, the plaintiff has chosen to sue both defendants in the county in which the private entity resides pursuant to § 25-2-122(1)(a), MCA, and that county is neither the county in which the plaintiff's claim arose nor a county in which the political subdivision is located–those being the two venues approved by § 25-2-126(2), MCA.

¶17    We note that neither subsection of § 25-2-126, MCA, purports to prescribe the sole proper venue for an action in which the State or a political subdivision thereof is a defendant, to the exclusion of all other venue designations under the statutes. Further, we note that neither § 25-2-115, MCA ("Multiple proper counties"), nor § 25-2-117, MCA ("Multiple defendants"), textually exempts the application of § 25-2-126, MCA, from operation of the rules either sets forth. Thus, there is no statutory authority for the proposition that § 25-2-126, MCA, is a venue designation superior to the other statutes. Nor does anything in our prior venue holdings require such a conclusion. As noted, we held in *Weiss* that political subdivisions are subject to the operation of the multiple defendant provisions of § 25-2-117, MCA. *Weiss*, 219 Mont. at 450, 712 P.2d at 1317.

¶18    We thus hold that § 25-2-126(2), MCA, does not prevail over § 25-2-122(1)(a), MCA, including, as applied here, in a matter involving multiple defendants pursuant to § 25-2-117, MCA. These provisions simply provide alternative venue options to the plaintiff, which she properly exercised herein.

¶19    We affirm the District Court.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER

8